*250
 
 By the Court
 

 (Kinkade, J.).
 

 The defendant in error William B. Drake brought an action in the court of common pleas to recover a balance due for the sale of real estate and to enforce a purchase-money mortgage that had been given by the plaintiffs in error, Drake’s grantees, to secure the payment of a purchase-money promissory note.
 

 Djrake owned a piece of real estate in Franklin county, valued by the parties plaintiff and defendant at $20,000, on which there rested a first mortgage of $8,000 given by Drake to the Buckeye State Building
 
 So
 
 Loan Company. The plaintiffs in error owned a piece of property located in Franklin county that represented an equity over and above the incumbrances thereon of $5,713.52. By a written agreement between the plaintiffs in error and Drake, Drake agreed to convey to the plaintiffs in error, by a deed containing covenants of general warranty, this property that he owned. The consideration money was to be paid by the plaintiffs in error assuming the outstanding first mortgage of $8,000 held by the Buckeye State Building & Loan Company, the giving to Drake by the plaintiffs in error of a promissory note for $6,286.48, and the executing and delivering by the plaintiffs in error of a warranty deed to their property in Franklin county, of the agreed net value of $5,713.52, thus making the $20,000. The deed of general warranty from Drake and wife was made and delivered to the plaintiffs in error, and pursuant thereto the plaintiffs in error took possession of the property in question, and have since continued to hold such possession, and are now in possession of the property.
 

 Upon receipt from the plaintiffs in error of a
 
 *251
 
 deed, containing general warranties, of their property, Drake took possession thereof, and, so far as appears by the record, is still in possession of that property. Plaintiffs in error defaulted on the payment of the note for $6,286.48 given by them to Drake, and Drake brought the action mentioned to recover a judgment for that amount and to effect a foreclosure of the mortgage and the sale of the mortgaged premises for the payment of the note.
 

 The plaintiffs in error filed an answer and cross-petition, in which they alleged that Drake had no title to the property embraced in his- warranty deed to them, and for that reason there had been a total failure of consideration upon which the note for $6,286.48 had been given to Drake, and, furthermore, that no consideration had been paid to them for the deed of their property to Drake, which was to operate as a payment of $5,713.52 upon the purchase price of the Drake property. They prayed that their note and mortgage might be held to be illegal, and ordered canceled and surrendered, and that Drake be required to redeed to them their property so deeded to Drake.
 

 There was no dispute between the parties with respect to the amounts that have been mentioned. The execution of the note to Drake was admitted. The giving of the purchase-money mortgage to Drake was also admitted, as was- the conveyance of the property of the plaintiffs- in error to Drake by deed containing covenants of general warranty.
 

 The case was practically submitted to the trial court upon an agreed statement of facts, although some additional testimony was put in. The deeds were not offered in evidence, nor was the written
 
 *252
 
 contract made between the parties offered in evidence. The dispute between the parties here arises out of the following facts:
 

 At a time prior to any of the transactions here mentioned, the property that was conveyed by Drake to the plaintiffs in error was a part of the property owned by one Priest, who died testate before any of the foregoing conveyances were made. The second item of his will reads as follows:
 

 “I give, devise and bequeath to my beloved wife for her sole use and benefit during the term of her natural life, all the residue of my estate, both real and personal and at her death I direct that the same shall be distributed equally share and share alike between my children, and if any of my children shall not then be living, then the share of such to their child or children, if there be any then living. ’ ’
 

 At the death of Priest he left surviving him his widow and five children. At the time of the conveyance by Drake to the plaintiffs in error the widow and all of the five children were living. Two of the children were married and one of them had a child living, about seven years of age. The widow and the five children, all of the latter being of full age, for a valuable consideration sold the property in question here, and executed and delivered a deed containing covenants of general warranty to the purchaser, who went into possession of the property. That party at a later date, for a valuable consideration, executed and delivered a deed containing covenants of general warranty conveying the property in question to a second party, who went into possession of the property. This second party, by like deed containing covenants of general warranty,
 
 *253
 
 passed the title to this property to a third party, who went into possession of the same. This third party, by deed containing covenants of general warranty, conveyed the same property to Drake, whereupon Drake went into possession of the property and remained in such possession at the time he executed and delivered his warranty deed to the plaintiffs in error.
 

 It is conceded that the children of Priest, by the terms of his will, each acquired a vested remainder in the property, subject to be divested respectively by the death of any child prior to the death of the life tenant, the widow who should be survived by a child or children living at the death of the life tenant, and it is also conceded, as it must be, that a vested remainder is an alienable estate in land.
 

 No attempt has been made by anybody to dispute the right of the plaintiffs in error to the possession and ownership of the property in question. The plaintiff in error Bertley B. Millison testified on the stand that he had been in possession of the property ever since the time he purchased it, and that for the portion of the property he was not occupying himself he was collecting the rent from one who was his tenant.
 

 There is no evidence in the record that any misrepresentations were made on the part of Drake to induce the plaintiffs in error to enter into the written contract set up in their answer and cross-petition. It appears by the record that Drake and his wife executed and delivered to the plaintiffs in error the conveyance called for by the written contract, that is to say, by deed containing covenants of general warranty of title.
 

 
 *254
 
 Plaintiffs in error aver in their answer and cross-petition that they only recently learned the manner in which the title to the property had come to the Drakes, and the contention is made that no title whatsoever existed in Drake by reason of the deed of conveyance from his grantor, as stated. This position is quite untenable.
 

 The trial court held that the conveyance coming to Drake through his predecessors in title, and as the result.of the will of Priest, supplemented by the possession taken and held by Drake and by the plaintiffs in error, constituted a full and complete title to the property in the plaintiffs in error, subject only to the possible contingency that the death of any child prior to the death of the mother, leaving issue living at the time of the death of the mother, would operate to defeat the title to that part of the property which would otherwise have gone to the deceased child.
 

 The widow and the five children appeared in the case by invitation, and each and all renounced all claim to the property.
 

 The Buckeye State Building & Loan Company accepted the note and mortgage of Drake for $8,000, and the trial court held that $8,000 mortgage to be a valid and first lien upon the property, Drake holding the second mortgage to secure the purchase-money note of $6,286.48. The premises were ordered sold, the proceeds to be applied, first, after payment of costs and taxes, to the extinguishment of the $8,000 mortgage, and, second, to the payment of the note of plaintiffs in error held by Drake.
 

 The chain of title was fully open to investigation on the part of the plaintiffs] in error, the same as it
 
 *255
 
 was to the Buckeye State Building & Loan Company, which accepted a mortgage on the property as full security for $8,000. There was nothing in the transaction anywhere tending to mislead anybody with respect to the title to this property. Drake’s covenants of warranty remain in full force, and no one is asserting any interest in this property adverse to the title of plaintiffs in error.
 

 Plaintiffs in error prosecuted error to the Court of Appeals, which court affirmed the judgment of the trial court, but certified the case to this court as being in conflict with respect to another judgment entered by another Court of Appeals.
 

 The plaintiffs in error averred in their answer and cross-petition that they were willing to reconvey to the Drakes all the title to the property which had come to them through the conveyance of the Drakes, which they had already averred was no title at all. This is the only thing in the record pertaining to a tender back on the part of the plaintiffs in error, grantees of the property in question.
 

 There is no prejudicial error manifest in the record with respect to the action of either the trial or the appellate court. The judgment will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day* Allen and Robinson, JJ., concur.