**CRUM, Exrx. v CRUM, et**

Ohio Appeals, 3th Dist, Seneca Co.

No. 278. Decided Feb. 12, 1940

**OPINION**

By GUERNSEY, J.

This case comes to this court upon an appeal on questions of law, by The E. G. B. Corporation one of the defendants, from a judgment of the Probate Court of Seneca County, Ohio, entered on October 2, 1939.

The action is one brought by Anna M. Crum, executrix of the estate of Wesley M. Crum, deceased, to sell real estate to pay debts of said estate.

All the heirs at law and legatees and devisees of the decedent and a mortgagee of said real estate as well as other persons are made parties defendant in the action.

In the amended petition it is alleged that the E. G. B. Corporation claims some interest in said real estate; and from the amended answer and cross-petition of the E. G. B. Corporation filed in the action it appears that the E. G. B. Corporation claims a judgment lien on the interest of Frank C. Crum one of the devisees of Wesley M. Crum, deceased, in said real estate.

From the judgment appealed from it appears that the cause came on to be heard before the Probate Court upon the seventh day of September, 1939, upon the petition of the plaintiff to sell real estate; upon the answer and cross-petition of the defendant the E. G. B. Corporation; upon the stipulated facts filed therein; upon the applications, orders, schedules, inventory, determinations and accounts in the original administration both before and after petition to reopen the estate of Wesley M. Crum, deceased, and all other pleadings therein; and further upon the motion of the defendant the E. G. B. Corporation to exclude from the court room, defendants E. L. Crum, Frank C. Crum and Clarence Crum as prospective witnesses in the action.

It further appears from the judgment that the court overruled the last mentioned motion and the cause then further came on for hearing upon the motion of the defendant the E. G. B. Corporation for judgment on the pleadings, and upon hearing and after argument the court overruled the motion. The judgment further provides as follows:

"Wherefore it is ordered, adjudged and decreed that the motion to exclude E. L. Crum, Frank C. Crum and Clarence Crum from the court room, be and it hereby is overruled; that the motion by the said defendant E. G. B. Corporation for judgment on the pleadings be and it hereby is overruled; that the amended answer and cross-petition of the defendant the E. G. B. Corporation be and the same hereby is dismissed; that the allegations of the petition herein are found to be true; and that an order of sale issue in this cause."

"To all of which defendant E. G. B. Corporation then and there and here and now as to each separate finding of the court and as to the final order of the court excepts."

The petition for the sale of real estate is in the usual form, complying with all statutory requirements, and the demurrer filed thereto by the E. G. B. Corporation was properly overruled prior to the entry of the judgment mentioned.

The amended answer and cross-petition of the E. G. B. Corporation charges facts which, if not controverted, would entitle it to a lien on the interest of Frank C. Crum as one of the devisees of the real estate in controversy.

No reply was filed to the amended answer and cross-petition.

As above stated, the judgment entry shows the cause was heard without objection upon a "stipulation of facts filed herein" and other pleadings and documents constituting evidence, as though the allegations of the cross-petition had been denied.

In this situation, the demand of the E. G. B. Corporation for judgment on the pleadings, made after the introduction of evidence by the parties, was too late, and the court did not err in overruling the same. **31 O. Jur. 883; Lovell v Wentworth, 39 Oh St. 614.**

If the evidence upon which the case was tried sustains the judgment entered, the judgment will stand notwithstanding plaintiff's failure to file reply denying the allegations of the answer and cross-petition of the E. G. B. Corporation.

No bill of exceptions has been filed in the cause. In the absence of a bill of exceptions there is a conclusive presumption of law that the judgment is sustained by the evidence unless it affirmatively appears otherwise from the record. If the reference to the "stipulated facts filed herein" in the judgment is not sufficient to incorporate such stipulated facts as a part of the record there is nothing in the record from which it might affirmatively appear that the judgment is against the weight of the evidence, and the presumption mentioned would apply which would require the affirmance of the judgment. On the other hand, if by such reference the "stipulated facts" have been incorporated in the record, as was done in the case of **Clinton v Ayers, 16 Ohio 283,** the judgment may be reversed if it appears from such stipulated facts that it is not sustained by the evidence.

Assuming, without deciding, that the reference in the judgment entry is sufficient to incorporate the stipulated facts as a part of the record reviewable by this court, we will consider whether such stipulated facts sustain the judgment appealed from.

From the stipulated facts it appears that whatever interest Frank C. Crum has in the real estate in controversy is by virtue of the provisions of the second and third items of the will of the decedent Wesley M. Crum, which reads as follows:

"Second. I give, devise and bequeath to my wife, Anna M. Crum, all of my property of whatsoever kind for and during the term of her natural life and if the income therefrom be not sufficient for her maintenance and support, she shall have the right to use so much of my said property as may be necessary therefor.

"Third. After the death of my said wife, I give, devise and bequeath all of my property which shall not have been used by my said wife under the terms of Item Two of this Will to my children, Ernest L. Crum, Lucy Hepler, Clarence Crum and Frank Crum, each a one-fifth part, and to the children of my deceased daughter, Lottie Martin, one-fifth, and if any of my said children be not living at the time of the final distribution of my estate, then their share shall pass to their heirs who are of my blood, and if all the children of any one of my said sons be deceased at the time of the final distribution of my estate, the wife of such deceased son, should she be living, shall inherit the one-fifth share of such said deceased son, the remaining four-fifths to revert to the residue of my estate."

It further appears that Anna M. Crum, widow of the decedent, and mother of Frank C. Crum, is alive.

It further appears from the stipulated facts that defendant the E. G. B. Corporation has a judgment against the said Frank C. Crum upon which execution has been levied upon the interest said Frank C. Crum may have in said real estate.

It will be noted that under the provisions of the will mentioned, Frank C. Crum takes a one-fifth interest in the real estate in controversy only in the event of the happening of two contingencies:

1. If his mother during her lifetime does not consume the estate.

2. If he survives his mother.

The first condition mentioned would, if considered separate and apart from the second condition, vest a fee simple estate in said one-fifth interest in said real estate in Frank C. Crum subject to being divested by the consumption of the same by the mother; and if this was the only contingency, such interest would be subject to levy and sale upon execution.

The second condition, however, makes the estate created by the will wholly contingent in character, which during the lifetime of the mother, being a mere possibility, can not be subjected to the claims of his creditors. **Peck v Chatfield, 24 Oh Ap 176.**

As the mother is alive the estate created is only a contingent estate not

subject to levy or execution or the claims of Frank C. Crum's creditors.

This being the case, the record in the cause, assuming that it includes by incorporation the stipulation of facts mentioned affirmatively shows that the E. G. B. Corporation has no right, title or interest in or lien or claim on the real estate in controversy, and having no right, title or interest in or claim or lien on the real estate in controversy, it cannot as a matter of law complain of or have relief from any errors that may have occurred in connection with the judgment appealed from.

For the reasons mentioned, the judgment of the Probate Court will be affirmed at costs of appellant, and the cause remanded for execution.

CROW, PJ. & KLINGER, J., concur.