Zimmerman, J.
 

 The question arising on this appeal is whether the remainder to the testator’s “heirs” under item XI of the will vested in interest at the testator’s death, or was postponed until the demise of the life beneficiary. If the vesting Was immediate, the provisions of the statute of descent and distribution in force when the testator died are applicable and those of the whole blood alone benefit. If vesting was delayed until the death of the life tenant, then Section 10503-4, General Code, effective September 2, 1935 (116 Ohio Laws, 388), is controlling and distribution
 
 *365
 
 would be among those of both the whole and the half blood.
 

 Ordinarily, a will speaks as of the death of the testator.
 
 Judy
 
 v.
 
 T r oiling er,
 
 110 Ohio St., 576, 583, 144 N. E., 44, 46. The criterion of a vested remainder is a present capacity to take. So, when there is a person in being who would have the right to possession immediately upon the determination of the particular intervening estate, the remainder is vested.
 
 In re Hutchinson,
 
 120 Ohio St., 542, 549, 166 N. E., 687, 690. It is not the uncertainty of actual enjoyment, but the uncertainty of the right to enjoyment that makes a.remainder contingent.
 
 Smith
 
 v.
 
 Block,
 
 29 Ohio St., 488, 497. The law favors the vesting of estates at the earliest possible moment, and it is well settled in Ohio that a remainder after a life estate vests in the remainderman at the death of the testator, unless an intention to postpone the vesting to some future time is clearly expressed in the will.
 
 Bolton
 
 v.
 
 Bank,
 
 50 Ohio St., 290, 33 N. E., 1115;
 
 Tax Commission
 
 v.
 
 Oswald, Exrx.,
 
 109 Ohio St., 36, 141 N. E., 678.
 

 The devise or bequest of an estate for life, followed by a direction to divide or distribute such estate among others after the death of the life beneficiary, does not defer the time of vesting unless an opposite intention plainly appears.
 
 Linton
 
 v.
 
 Laycock,
 
 33 Ohio St., 128 ;
 
 Collier
 
 v.
 
 Grimesy,
 
 36 Ohio St., 17;
 
 Bolton
 
 v.
 
 Bank, supra; Johnson
 
 v.
 
 Johnson,
 
 51 Ohio St., 446, 38 N. E., 61. In the cases of
 
 Sinton
 
 v.
 
 Boyd,
 
 19 Ohio St., 30, 2 Am. Rep., 369;
 
 Richey, Exr.,
 
 v.
 
 Johnson,
 
 30 Ohio St., 288; and
 
 Hamilton
 
 v.
 
 Rodgers,
 
 38 Ohio St., 242, words of survivorship or other compelling language was present evidencing a well defined purpose on the part of the testator that the remainder should not vest until the time of division or distribution arrived.
 

 Uncertainty as to the amount of the remainder does not make such remainder contingent
 
 (Min Young
 
 v.
 
 Min Young,
 
 47 Ohio St., 501, 25 N. E., 168;
 
 Johnson
 
 v.
 
 *366
 

 Johnson, supra),
 
 and a gift for life, with power to invade the principal in whole or in
 
 part,
 
 is regarded as a life estate.
 
 Tax Commission
 
 v.
 
 Oswald, Exrx., supra.
 
 The nse of adverbs of time, such as “after” and “when,” in the bestowal of a remainder limited upon a life estate, is generally considered to relate to the enjoyment of the estate rather than to the time of its vesting in interest. Furthermore, “the fact that a devise or legacy is given through the intervention of a trustee is without bearing on the question whether it is vested or contingent.” L. R. A. 1918E,1127.
 

 It is earnestly contended by the appellee that the present controversy is controlled by the decision in
 
 Barr
 
 v.
 
 Denney,
 
 79 Ohio St., 358, 87 N. E., 267, wherein to carry out the intention of the testator as interpreted by the court, the so-called “divide and pay over” rule was invoked to confer a contingent interest on the remaindermen, which did not become vested until the death of the testator’s widow to whom the estate had been given for life. The fact that the gift over was of a fund to be created at the termination of the life estate was apparently an element influencing the holding.
 

 Discussing the “divide and pay over” rule, it is said in 69 Corpus Juris, at pages 605 and 606, Section 1687:
 

 “* * * if the only words of gift are in a direction to pay or distribute, or divide and pay over, at a future time or event, the futurity is usually regarded as being annexed to the substance of the gift and vesting is postponed until the time or event named. This, however, is a mere rule of construction, which will be applied only in subordination to the established rule that an estate or interest will be construed to be vested rather than contingent if possible, * * * numerous exceptions have been created to the rule just stated, and, because of this, it has been commented that the courts are much more disposed to admit the divide and pay over rule as a rule of law than they are to follow it. ’ ’
 

 
 *367
 
 Largely for the reason that the “divide and pay over” rule has lost its significance by engrafted exceptions, its validity is denied in 3 Restatement of Property, 1312, Section 260. Compare Section 308, at page 1722.
 

 Attention is next directed to the case of
 
 Carter
 
 v.
 
 Carter,
 
 234 Ill, 507, 513, 85 N. E., 292, 295, where the court remarks in its opinion:
 

 ‘ ‘ The appellants invoke the general rule that where the devisees compose a class and there are no words of devise except a simple direction to divide the property at a specified time, the gift will not vest until the time of division. *• * * But conceding that the devise is to a class and is simply a direction to divide the property at an appointed time, it is said in
 
 Knight
 
 v.
 
 Pottgieser,
 
 176 Ill., 368, that this ‘general rule is subject to an exception so well established and universally recognized as to practically constitute another general rule, which is: Though a gift arises wholly out of directions to pay or distribute
 
 in futuro,
 
 yet if such payment or distribution is not deferred for reasons personal to the legatee, but merely because the testator desired to appropriate the subject-matter of the leg: acy to the use and benefit of another for and during the life of such other, the vesting of the gift in remainder will not be postponed but will vest at once, the right of enjoyment only being deferred.’ ”
 

 Much the same thought is expressed by Judge Summers in the case of
 
 Exrs. of Eury
 
 v.
 
 State,
 
 72 Ohio St., 448, 454, 74 N. E., 650, 651, when he says:
 

 “For it is the rule no longer that where there is no gift but by a direction to pay, or divide and pay, at a future time, or on a given event, the vesting will be postponed until after that time has arrived, or that event has happened, but the test is the reason for the postponement, and if that was that the property had been given to another for life the bequest vested.”
 

 
 *368
 
 Again, in
 
 Blackstone
 
 v.
 
 Chandler
 
 (Del. Ch.), 130 A., 34, 35, this statement appears:
 

 “It is
 
 sometimes stated as a general rule also that if there is no gift but by direction to trustees to pay at a future time, the legacy will not vest in the beneficiary until the time for payment arrives. * * * But * * * there is one well defined exception to its application * * *. It is this: That where the postponement of payment is for the convenience of the estate, as to let in an intermediate estate, the ultimate interest is regarded as in the nature of a vested remainder. ’ ’
 

 Every will construction case stands in large measure on its own bottom. The paramount rule to be followed is to try to ascertain the intention of the testator as found in the will, and to give it expression.
 

 Speaking of the Ohio case of
 
 Barr
 
 v.
 
 Denney, supra,
 
 the court has this to say in
 
 Warner
 
 v.
 
 Commissioner of Internal Revenue
 
 (C. C. A. 2), 72 F. (2d), 225, 228
 
 (certiorari
 
 denied, 293 U. S., 620, 79 L. Ed., 708, 55 S. Ct., 215):
 

 “There it was held that the remainder did not indefeasibly vest until the termination of the trust. The will directed the trustee after the death of the testator’s widow, who was a life beneficiary, to sell the corpus of the trust, and, after paying expenses, ‘to distribute equally to my legal heirs.’ One of the testator’s daughters died during the term of the trust leaving a husband who claimed a share in the remainder interest at the time of distribution. It was hard to suppose that the testator would have intended him to succeed to his daughter’s interest and lessen the property distributable to the testator’s children by so much. Accordingly it was not unnaturally decided that the remainder was contingent and that the members of the class entitled to take were determined only at the time when the trust ended.”
 

 An illuminating case, holding that the remaindermen after a life estate took a vested interest as of the death
 
 *369
 
 of the testator and reversing a previous decision to the contrary, is that of
 
 In re Roth’s Will,
 
 191 Wis., 366, 210 N. W., 826. With reference to the subject under consideration, it is stated in the opinion:
 

 “The fundamental rule seems to be that where a legacy is postponed the time of vesting depends upon whether the postponement relates merely to the enjoyment of the legacy or whether it is attached to the substance of the gift. Where it is attached to the substance of the gift the vesting is postponed, but where the postponement relates merely to the enjoyment of the gift, vesting takes place as of the date of the death of the testator. Whether it is for one purpose or the other is sometimes a difficult question, but it is Well settled that where a future gift is postponed in order to let in some other interest or, as it is sometimes expressed, for the benefit of the estate, the gift is vested although the enjoyment is postponed.”
 

 For a comprehensive treatment of the question whether a testamentary gift in the form of a direction to pay or divide is vested or contingent, see the note in L. R. A. 1918E, beginning at page 1097. See, also, 14 University of Cincinnati Law Review, 391; 41 Ohio Jurisprudence, 783
 
 et seq.,
 
 Section 655
 
 et seq.;
 
 49 A. L. R., 174, annotation; 127 A. L. R., 602, annotation;
 
 Wilmington Trust Co.
 
 v.
 
 Bronxville Trust Co.
 
 (Del. Ch.), 5 A. (2d), 248;
 
 Fay
 
 v.
 
 Fay,
 
 336 Ill., 299, 168 N. E., 359;
 
 Schrader
 
 v.
 
 Schrader,
 
 158 Iowa, 85, 139 N. W., 160;
 
 Markham, Trustee,
 
 v.
 
 Waterman,
 
 105 Kan., 93, 181 P., 621;
 
 Martin, Admr.,
 
 v.
 
 Cook,
 
 129 Md., 195, 98 A., 489;
 
 Brown et al., Trustees,
 
 v.
 
 Spring et al., Exrs.,
 
 241 Mass., 565, 135 N. E., 701;
 
 Cranstoun, Admr.,
 
 v.
 
 Westendorf,
 
 91 N. J. Eq., 34, 108 A., 776;
 
 Jennings’ Estate,
 
 266 Pa., 60, 109 A., 544.
 

 Counsel point to a number of circumstances which they say indicate what the testator meant by the word “heirs” in item XI of his will, but his actual intent remains conjectural.
 

 
 *370
 
 “* * * use in a will of the term ‘heirs,’ although at the time of the testator’s death there is only one ‘heir,’ does not affect the application of the broad rule that the time for ascertainment of the class is the death of the testator, in the absence of a clear indication of a contrary intent.” 127 A. L. R., 612.
 

 Since the law strongly favors the immediate vesting of estates and since no factor stood in the way of realization by the ultimate beneficiaries except the right of Helen M. Quinn to benefit from the estate so long as she lived, it would seem but logical to say that time was affixed only to the enjoyment of the gift in remainder, whatever might be its amount at the termination of the life estate. We are therefore of the opinion that the interest in remainder vested at the death of the testator in such person or persons as then answered the description of his heirs within the statute of descent and distribution existing at such time. 16 Ohio Jurisprudence, 488, Section 107; 3 Restatement of Property, 1706, Section 308;
 
 Witty
 
 v.
 
 Witty,
 
 184 N. C., 375, 114 S. E., 482.
 

 For the reasons announced, the judgment of the Court of Appeals is reversed and that of the Probate Court affirmed.
 

 Judgment reversed.
 

 Williams, Hart and Bettman, JJ., concur.