THE CLEVELAND TRUST CO., TRUSTEE, APPELLEE, *v.*
ANDRUS ET AL., APPELLEES; PIERCE, APPELLANT.

(No. 1278—Decided March 25, 1953.)

*Messrs. Fauver & Fauver,* for appellee The Cleve-
land Trust Company, Trustee.

*Messrs. Snoble & Snoble* and *Messrs. Wilcox & Wil-*
*cox,* for appellees Irma P. Andrus and Frank Pierce.

*Mr. Joseph W. Lowdermilk,* for appellees Lois Un-
ger Cox and Robert E. Unger.

*Mr. C. E. VanDeusen* and *Messrs. Glitsch & Stack,*
for appellant.

DOYLE, P. J. This action was begun in the Court of
Common Pleas of Lorain County to have construed, or

interpreted, item "Ninth" of the last will and testament of Fred W. Pierce, deceased. The case was submitted to us by all of counsel as an appeal on questions of law and fact. We therefore entertain the questions *de novo*.

The item in question is in the following words and phrases:

"Upon the death of my wife, Nellie A. Pierce, I give, devise and bequeath all the rest, residue and remainder of my estate so held for the use and benefit of my wife, Nellie A. Pierce, during her natural lifetime, to my daughters, Blanche and Irma, and to my sons, Frank and Ray, each an undivided one-fifth interest, and to the children of my daughter, Clara, an undivided one-fifth interest, they to take the same absolutely and in fee simple, and should any of my children in the meantime die, leaving heirs of their body, then the portion going to such deceased child or children shall go to their children in equal shares, the same to be theirs absolutely and in fee simple, and said trustee is hereby authorized and empowered to convey such of the rest, residue and remainder of my estate as may be in its hands at the death of my wife to my children and grandchildren aforesaid in the proportions hereinbefore set forth."

The sole question presented is the time of vesting of the interests, whether at the time of the death of the testator, or at the time of the termination of the life interest. The question becomes especially important because the son Ray, who is specifically mentioned, died prior to the termination of the life interest, but subsequent to the death of the testator, without children, but leaving a widow (Marion Pierce). The widow now claims the interest which she declares had vested in her husband at the time of the death of the testator. In opposition, it is claimed that the interests vested at the termination of the life interest, at which time Ray

was dead, leaving no children, and therefore no one can claim from or through him.

We can start, we think, by stating that the testator divided the remainder of his estate into five equal parts, an undivided one-fifth interest to go to each of his four named children, and one-fifth to go to the children of his dead daughter, Clara. He then undertook to say that if any of his children should "in the meantime die," leaving "heirs of their body," then the portion going to such deceased child or children should go to their respective children in equal shares. By this language he was referring to his children named in the will who might predecease him, or to those who might die later but prior to the termination of the life interest, and, in the event of the death of one or more during that time, he wanted each family group (the children) to have one-fifth of the remainder. The testator then continued with instructions to his trustee (which was also named as his executor) to pay, at the termination of the life estate, to his children and grandchildren "in the proportions hereinbefore set forth." The "proportions hereinbefore set forth" were a one-fifth interest to each of his named children, or, in the event of death, a one-fifth interest to the children of each deceased child. It is obvious that, in his directions to pay, he was directing payment only of one-fifth interests in the residue. Under no circumstances could one family group receive more than that amount, because of the words "in the proportions hereinbefore set forth."

If, therefore, it was the intention of the testator that the residue of his estate vest at the termination of the life interest under the circumstances here shown to exist, he died intestate as to one-fifth of the residue of his estate. The will was silent on the disposition of the one-fifth interests to his children in the event that they died before he did, without issue. Of course, if

any one of them died without issue prior to the time the will took effect, his or her one-fifth interest would become intestate property, even under the so-called "other relative" statute, Section 10504-73, General Code.

We turn now to the case law relative to the vesting of estates. It has been well documented by Judge Zimmerman in *Ohio National Bank, Trustee,* v. *Boone,* 139 Ohio St., 361, 40 N. E. (2d), 149, 144 A. L. R., 1150. In the opinion appears the following:

"* * * The criterion of a vested remainder is a present capacity to take. So, when there is a person in being who would have the right to possession immediately upon the determination of the particular intervening estate, the remainder is vested. *In re Hutchinson,* 120 Ohio St., 542, 549, 166 N. E., 687, 690. It is not the uncertainty of actual enjoyment, but the uncertainty of the right to enjoyment that makes a remainder contingent. *Smith* v. *Block,* 29 Ohio St., 488, 497."

In applying the "criterion" or standard of judging, consideration must always be given to language expressing an intention that the estate should vest later. So, if there is evidenced a well-defined purpose that the remainder should not vest until the time of division or distribution arrived, then the intention of the testator to postpone the vesting until the termination of a life interest must prevail.

A majority of this court, however, finds no well-defined purpose in the instrument to postpone the early vesting of the interests of the designated sons and daughters of the testator, nor indeed of the children of the deceased daughter. There is no language in the instrument suggesting that, in the event that one or more of his sons or daughters should die, without issue, the one-fifth share so given should be given to other of his children or grandchildren. In fact, the

testator carefully confined the gifts to one-fifth interests in the residue. Likewise, there does not appear a gift over to any one in the case of the contingency of the death of one of his sons or daughters without issue before the termination of the life interest, except and except only of a one-fifth interest "in equal shares" to the children of a son or daughter who might die before the expiration of the life interest.

A rule of law of long standing is stated with supporting authorities in 109 A. L. R., 5, at p. 9. We subscribe to its contents and apply it to the instant case:

"Where the remainder is given to persons named or otherwise definitely designated, and there is no clause of survivorship, the fact that a construction of the will which will render the remainder contingent may produce an intestacy as to the share of any of such persons who may die without leaving children surviving, during the continuance of the precedent estate, is a consideration which will influence the court to regard the remainder as a vested one."

In summary, a majority of this court states:

(1) At the time of the death of the testator, there was a capacity in each of the designated children to take, with a right to enjoy, a one-fifth interest in the residue at the termination of the life interest.

(2) The estates in remainder vested at the death of the testator. The "criterions" stated in *Ohio National Bank, Trustee, v. Boone, supra,* all exist.

(3) The son Ray acquired a vested remainder upon the death of his father, and this interest now should pass as a part of his estate.

(4) The testator undertook to dispose of the entire residue of his estate, and there is no language in the instrument indicating that he intended to have any of it pass as intestate property.

If, as was claimed on trial, the testator intended that only his blood relatives should take and his sons

or daughters by affinity should not acquire an interest under any circumstances, a few simple words and phrases would have accomplished his purpose. In construing a will, a court must take it as written by the testator. We have no right to make a new one.

A decree for appellant may be entered.

*Judgment accordingly.*

STEVENS, J., concurs.

HUNSICKER, J., dissenting. I find myself unable to agree with my associates in the instant case.

"1. Technical rules of interpretation may be resorted to as aids to the construction of a will; but they can not control if they are in conflict with the apparent intention of the testator." *Barr* v. *Denney,* 79 Ohio St., 358, 87 N. E., 267.

To me the intention of the testator is clear, and, hence, no rules of construction are needed to determine the time when the devise of the residue of the estate, as set forth in item Ninth of the will, vested.

The testator used in his will such words as "children and grandchildren," and "heirs of their body," which shows clearly that, when he prepared his will, he intended that only those who were of his blood should get his property. He never intended that others outside of this blood relationship would secure an interest, which naturally should go to his issue. In item Ninth, he specifically stated that the trustee should convey the rest and residue of his estate "*at the death of my wife to my children and grandchildren * * *.*" (Italics mine.)

This will needs no interpretation. I believe that the order entered by the trial court should be entered herein.