PARK *v.* PARK ET AL.

(No. 86-CVF-105 — Decided
August 29, 1988.)

Tiffin Municipal Court,
Civil Division.

*Dennis J. Eberly,* for Agnes L.
Park.

*Paul F. Kutscher, Jr.,* for National
City Bank, Norwalk.

*Douglas A. Burtt,* for Jay C. Park.

DANIEL, J. This matter came on
to be heard upon the motion of the intervening defendant, National City
Bank, Norwalk, for an order determining the property rights of the parties in the certificate of deposit under
garnishment. The court finds that the
judgment debtor, Jay C. Park, failed to
request the hearing provided for by
R.C. 2716.13. Attorney Douglas A.
Burtt appeared on behalf of the debtor
for the sole purpose of requesting a
continuance, which request was overruled. However, the judgment debtor
did not appear. The judgment creditor

was present and represented by Dennis J. Eberly. The intervening defendant, National City Bank, Norwalk,
was represented by Paul F. Kutscher,
Jr.

The court finds from the evidence
and from the court's own records that
Agnes L. Park is sixty-eight years of
age and is the creditor on a judgment
with a principal balance of $3,135.93 as
of August 5, 1988, against Jay C. Park.
National City Bank, Norwalk, is the
payor bank for a certificate of deposit
in the principal amount of $6,610.95
payable to "Agnes L. Park for Life,
Principal to Jay C. Park on death of
Agnes L. Park."

The court can find no authority for
the garnishment of a remainder interest in a certificate of deposit. The
court looks to the law of real estate for
guidance and concludes that such an
interest is subject to execution if it is a
vested interest, subject to divestment,
but not if it is a contingent interest.
*Crum* v. *Crum* (1940), 65 Ohio App.
431, 31 Ohio Law Abs. 397, 19 O.O. 40,
30 N.E. 2d 448. It is the uncertainty of
the right of enjoyment contrasted with
the uncertainty of its actual enjoyment
which distinguishes, respectively, a
contingent estate from a vested estate
subject to divestment. *Ohio Natl. Bank*
v. *Boone* (1942), 139 Ohio St. 361, 22
O.O. 414, 40 N.E. 2d 149. In Ohio, the
language of the grant in this case is
generally recognized as creating a
vested remainder subject to divestment. *Millison* v. *Drake* (1931), 123
Ohio St. 249, 174 N.E. 776. In fact,
when there is doubt or ambiguity in the
language, the law favors construction
of the estate as a vested remainder.
*Ohio Natl. Bank* v. *Boone, supra.* The
court concludes that the debtor's interest in this certificate of deposit is a
vested remainder subject to divestment, and that, therefore, it is subject
to garnishment.

For the purpose of establishing the

value of the debtor's interest as of August 5, 1988, the court relies upon "Table A," as set forth in Section 20.2031-7(f), commonly referred to as the "Unisex Table." The person holding the life interest is sixty-eight years old; therefore, the remainderman's interest (or present worth) is 36.39 percent of the principal, or $2,405.72. Ordinarily, the court would order the garnishee bank to divide the proceeds of the certificate of deposit between the owner of the life interest and the remainderman, and pay the remainderman's share into the court for disbursement to the judgment creditor. However, in this case the owner of the life interest and the judgment creditor are one and the same person, and she does not wish to have the certificate of deposit disturbed. Since the balance of the judgment exceeds the debtor's interest in the certificate of deposit, it seems appropriate simply to order the garnishee bank to amend the certificate to show the judgment creditor as the sole depositor in fee simple of the entire certificate.

It is ordered that the intervening defendant, National City Bank, Norwalk, immediately amend certificate of deposit No. 9-33369 to show the depositor to be "Agnes L. Park in fee simple absolute." It is further ordered that the judgment debtor shall receive credit toward the balance of the judgment against him in the amount of $2,405.72 effective August 5, 1988. The costs of this garnishment proceeding shall be paid by the judgment debtor, Jay C. Park.

*Judgment accordingly.*