PETERS

v.

ALLISON et al., Appellants; Peters et al., Appellees.

[Cite as *Peters v. Allison*, 158 Ohio App.3d 223, 2004-Ohio-4143.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–03–044.

Decided Aug. 6, 2004.

K. Alec Thornton, for appellants Jeanette Lyons and Vickie Allison.

Drew A. Hanna, for appellant Judith R. Peters

Frank H. Bennett, for appellee Joan Peters.

John L. Zinkand, for appellees Michael L. and Sandra K. Peters.

---

SINGER, Judge.

{¶ 1} This is an appeal from a declaratory judgment of the Sandusky County Court of Common Pleas, Probate Division, construing a will. Because we conclude that the trial court ordered proper distribution of the properties at issue, we affirm.

{¶ 2} John F. Peters died testate in 1964. In item two of his will he devised a 69.5–acre parcel of land "to [his] son Philip Peters for life and then to his children share and share alike." In items three and four of his will, John Peters also left parcels of 60 and 62 acres to his daughter, Dorothy Merryfield, and his other son, Russell, respectively. Each of these provisions of Peters's will provided that these devises were "for life and then to the heirs of [his or] her body provided that if at [his or] her death [he or] she leaves no heirs of [his or] her body then in

that event I Give and Bequeath all of said property to my grandchildren per capita, share and share alike."

{¶ 3} Dorothy Merryfield and Russell Peters died without issue. Philip Peters had three children: Jon G., Donald, and appellant Judith R. Peters. Donald Peters predeceased his father, leaving his wife, appellee Joan Peters, son, Michael, and daughters, appellants Jeanette Lyons and Vickie Allison.

{¶ 4} After the death of Russell Peters in 1999, a dispute arose among John F. Peters's descendants over the three parcels. On December 15, 2000, appellee Jon G. Peters brought suit, seeking construction of the will and a declaration of the interests of the parties.

{¶ 5} Eventually, the matter was submitted to the trial court on stipulated facts and documents and cross-motions for summary judgment. The court determined that Judith and Jon G. Peters each held a third remainder in interest in each of the three parcels. The remaining third, the court ruled, belonged to appellee Joan Peters as devisee of the residue of the estate of her late husband, Donald Peters. The court premised its distribution on its conclusion that all property rights vested at the time of John F. Peters's death in 1964.

{¶ 6} From this judgment, appellants bring this appeal. Appellants Lyons and Allison set forth the following single assignment of error:

{¶ 7} "The trial court erred as a matter of law in granting defendant/appellee Joan Peters an interest in the real estate described in the last will and testament of John F. Peters."

{¶ 8} Appellant, Judith R. Peters, presents three assignments of error:

{¶ 9} "1. The trial court erred to the prejudice of defendant/appellant Judith R. Peters in its entry filed on November 24, 2003 in determining that Donald Peters was vested with one-third interest in the remainder interest in the real property devised by item 2 of the will of John F. Peters, dated February 24, 1949.

{¶ 10} "2. The trial court erred to the prejudice of defendant/appellant Judith R. Peters in its entry filed on November 24, 2003 in determining that Donald Peters was vested with one-third interest in the remainder interest in the real property devised by item 3 and 4 of the will of John F. Peters, dated February 24, 1949.

{¶ 11} "3. The trial court erred to the prejudice of defendant/appellant Judith R. Peters in its entry filed on November 24, 2003 in determining that Donald Peters was vested with one-third interest in the remainder interest in the real property devised by Item 2, 3, and 4 of the will of John F. Peters, dated February 24, 1949, by virtue of the will of Donald Peters, dated September 18, 1972."

{¶ 12} Appellants Lyons and Allison are the great-grandchildren of John F. Peters. They argue that viewing the totality of the Peters will leads to an inescapable conclusion that he intended his three farms to descend to his blood kin. For this reason, they argue, the interest conveyed to Donald Peters was a vested remainder subject to complete defeasance. Since Donald Peters failed to survive his father, the great-grandchildren maintain, his interest was defeated. Consequently, on his death, Donald Peters had no interest to devise to his wife.

{¶ 13} Appellant, Judith R. Peters, concedes that the law favors early vesting and that an interest created by will following a life estate vests at the death of the testator unless an opposite intention is plain. Nevertheless, she argues, such an intent is clear in each of the three devises. Evidence of this, she insists, is found in the use of the term "heirs of the body" in the devises to Russell Peters and Dorothy Merryfield. Since a living person has no heirs, appellant Judith Peters argues, the postponement of vesting until the death of these life tenants was a "matter of necessity." Moreover, she contends, there is nothing to suggest that the testator intended to treat the devise to Philip Peters differently.

{¶ 14} We will discuss appellants' assignments of error together. At issue is the characterization of John F. Peters's testamentary gifts and when the interests conveyed vested. There are two classes of devise created by the testator. The devise to Philip Peters is manifestly a life estate to Philip with a remainder to his children.

{¶ 15} The role of a court in interpretation of wills is to ascertain and give effect to the testator's intent. *Wendell v. AmeriTrust Co., N.A.* (1994), 69 Ohio St.3d 74, 76, 630 N.E.2d 368. In aid of determining intent, it is presumed that the testator was familiar with the law. *Id.*

{¶ 16} "The law favors the vesting of estates at the earliest possible moment, and a remainder after a life estate vests in the remainderman at the death of the testator, in the absence of a clearly expressed intention to postpone the vesting to some future time." *Ohio Natl. Bank of Columbus v. Boone* (1942), 139 Ohio St. 361, 22 O.O. 414, 40 N.E.2d 149, paragraph two of the syllabus; *Wendell*, supra, 69 Ohio St.3d at 77, 630 N.E.2d 368.

{¶ 17} Where there is a devise to a class of persons, the estate vests at the testator's death, subject to opening to let in others who are born or otherwise come into being afterward, but before possession. It is the enjoyment of the property that is postponed, not the accrued interest. *Simbro v. Simbro* (Dec. 30, 1980), 4th Dist. No. 407, citing *Everhard v. Brown* (1945), 75 Ohio App. 451, 31 O.O. 268, 62 N.E.2d 901, paragraph three of the syllabus; *Ohio Natl. Bank of Columbus v. Boone*, supra, 139 Ohio St. 361, 22 O.O. 414, 40 N.E.2d 149, at paragraph three of the syllabus.

■ {¶ 18} John F. Peters died in 1964. At that time, his devise of a life estate to his son Philip vested, as did his devise of the remainder to Philip's children. This was a gift to a class that was subject to opening (although it did not open). Enjoyment of the property was postponed until Philip's death in 1988. Since Donald predeceased his father, his vested interest in the postponed enjoyment of this property passed by his will to his widow, appellee Joan Peters. There is no clear expression that the testator intended otherwise. Accordingly, appellants' assignments of error as they relate to the propriety of the transfer of a third interest in the parcel conveyed in item two are not well taken.

■ {¶ 19} Concerning the other two parcels, when John F. Peters's will was drafted in 1948, his children Dorothy Merryfield and Russell Peters were childless. As he had done with Philip, the testator gave his other two children separate life estates. The remainder of these life estates he devised first to the heirs of the life tenant's body. If no such heirs were produced, the land was to go to his grandchildren.

{¶ 20} The use of the phrase "heirs of the body" has engendered much discussion among the parties about an estate in "fee tail." A fee tail is an estate with a fixed line of inheritance succession limited to the issue of the body of the devisee, and in which the regular and general succession of heirs is cut off. Black's Law Dictionary (6th Ed.1990) 616. The words of devise to an individual and the "heirs of the body" ordinarily evinces an intent to create a fee tail. See Boyer, Survey of the Law of Property (3d Ed.1981).

{¶ 21} In Ohio, a fee tail becomes an estate in fee simple absolute to the first donee in tail. R.C.2131.08 (A). Otherwise, the common-law estate in fee tail continues. *Long v. Long* (1976), 45 Ohio St.2d 165, 74 O.O.2d 287, 343 N.E.2d 100, paragraph one of the syllabus.

■ {¶ 22} When, by grant or devise, a fee tail is created, the donor retains "a reversion in fee simple expectant upon the failure of a stated condition, which reversion is a descendible, devisable and alienable estate." Id. at paragraph two of the syllabus. A reversion is a vested interest. Id. at 170, 74 O.O.2d 287, 343 N.E.2d 100.

{¶ 23} John F. Peters, in his devise of life estates to children Dorothy Merryfield and Russell Peters, retained a reversion interest in the property devised in the event that either of his children died without heirs of his or her body. This reversion was vested and devisable.

{¶ 24} In the same provision, John F. Peters devised the reversion to his grandchildren. On John F. Peters's death then, his grandchildren, Jon G. Peters, Donald Peters, and Judith R. Peters, obtained a one-third vested interest (subject to opening as discussed above) in the two parcels conveyed for life in items three

and four of John F. Peters's will. When Russell Peters and Dorothy Merryfield died without issue, the failure of the stated condition (heirs of the body) converted the fee simple expectant, vested and devised on John F. Peters's death, into an estate in fee simple absolute. Donald Peters's interest in this estate passed by will to his widow, appellee Joan Peters. The remainder was with Donald's surviving siblings, Jon and Judith Peters. Accordingly, the trial court's distribution of the property at issue was proper and appellant's remaining assignments of error are not well taken.

{¶ 25} Upon consideration whereof, the judgment of the Sandusky County Court of Common Pleas, Probate Division is affirmed. Costs to appellants.

Judgment affirmed.

PIETRYKOWSKI and LANZINGER, JJ, concur.