STEVENS ET AL., APPELLEES, *v.* RADEY, TRUSTEE, APPELLANT, ET AL.

[Cite as *Stevens v. Radey,* 117 Ohio St.3d 65, 2008-Ohio-291.]

(No. 2006–2343—Submitted November 7, 2007—Decided February 6, 2008.)

MOYER, C.J.

I

{¶ 1} This appeal requires us to determine whether the residue of a testamentary trust passing through intestate succession belongs to the settlor's heirs living at the time of the settlor's death or the settlor's heirs living at the time of the trust beneficiary's death. For the following reasons, we hold that the residuary estate of a testamentary trust belongs to the settlor's heirs living at the time of the settlor's death.

II

{¶ 2} Andrea Sangrik was the only child of Andrew and Helen Sangrik. She never married and had no children. After Helen's death, Andrea executed a will in 1993, which stated that, in the event that she predeceased her father, her entire estate was to pass to her cousin, appellant Carole Radey, in trust for the benefit of her father. The will specified that Radey, as trustee, was to provide as much of the income and principal of the trust estate as she determined to be necessary for Andrew's support, care, and maintenance. Unfortunately, Andrea's will did not provide a residuary clause for property remaining in the trust after Andrew's death.

{¶ 3} Andrea died in 1997 and was survived by Andrew. After Andrea's property was transferred into the testamentary trust created in her will, Radey used the trust property for Andrew's benefit until his death in 2003. Andrew's will stated that Radey would inherit his entire estate if Andrea predeceased him.

{¶ 4} After Andrew's death, approximately $680,000 remained in the trust. Given the lack of a residuary clause, Radey filed a complaint for declaratory judgment in the probate court of Cuyahoga County requesting the court to determine who should receive the remaining funds. The probate court ordered that the residue be distributed to Andrea's heirs in accordance with the laws of descent and distribution under R.C. 2105.06.

{¶ 5} After that decision was rendered, appellees Jessica R. Stevens et al. (collectively, "Stevens"), six of Andrea's maternal cousins, filed a separate declaratory action in the probate court seeking a determination that they qualified as Andrea's heirs at law and were thus entitled to the residue. Radey objected, arguing that Andrew was Andrea's sole heir at the time of Andrea's death, and thus the remainder of Andrea's estate passed to Andrew at her death and then to Radey upon Andrew's death in accordance with Andrew's will. The trial court adopted Radey's argument and ordered the residue to pass to Andrew's estate.

{¶ 6} The court of appeals for Cuyahoga County reversed the trial court, and we accepted Radey's discretionary appeal. For the following reasons, we reverse the judgment of the court of appeals.

III

A. Intestate Succession

{¶ 7} Before we address the central issue in this case, it will be beneficial to examine the intestate succession process. When a court interprets a will, it should first look to the intent of the testator and divide property in accordance with it. See *Polen v. Baker* (2001), 92 Ohio St.3d 563, 565, 752 N.E.2d 258. However, where a decedent fails to dispose of some or all of his or her property through a testamentary transfer, the statute of descent and distribution, R.C. 2105.06, governs who receives the unaccounted-for property. See *Oglesbee v. Miller* (1924), 111 Ohio St. 426, 145 N.E. 846, paragraph two of the syllabus; see also *Mathews v. Krisher* (1899), 59 Ohio St. 562, 53 N.E. 52, at syllabus.

{¶ 8} The statute provides a default distribution scheme to resolve the uncertainty created by intestacy. Under it, a decedent's surviving spouse, children, or their lineal descendents inherit intestate property first. R.C. 2105.06(A) through (E). If no such heirs survive the decedent, then the property passes to the decedent's surviving parents. Id. at (F). If the decedent does not have a surviving parent, the property passes to various other relatives, including cousins, in a statutorily defined order. Id. at (G) through (J). If no relatives survive, the

property escheats to the state. Id. at (K). With that order in mind, we proceed to the merits of this case.

## B. Determination of Heirs

{¶ 9} The issue in dispute is the point at which the heirs are determined when a testamentary trust is not exhausted at the beneficiary's death and the will lacks a residuary clause. Radey argues that to determine who has the right to the residue, R.C. 2105.06 should be applied at the date of Andrea's death. Thus, because Andrea died unmarried and childless, her father, Andrew, inherited the right to the entire residuary through intestate succession.

{¶ 10} Stevens argues that the possibility of a residue does not arise until the purposes of the testamentary trust are fulfilled, and thus the heirs should not be determined until that time. Under this position, the determination of heirs occurs at the time of Andrew's death; because Stevens and the other cousins were Andrea's closest remaining relatives at that time, they share the residue equally.

{¶ 11} We adopt Radey's position. It is well settled that "the law strongly favors the immediate vesting of estates." *Ohio Natl. Bank of Columbus v. Boone* (1942), 139 Ohio St. 361, 370, 22 O.O. 414, 40 N.E.2d 149. The rights of the beneficiaries become fixed and certain at the death of the testator unless a contrary intent is manifested. Id. at paragraph two of the syllabus; see also *Tax Comm. v. Oswald* (1923), 109 Ohio St. 36, 52, 141 N.E. 678. Thus, in the absence of some contrary intent expressed by the testator to postpone vesting, we abide by the preference for the vesting of all interests, including residuary interests, in the testator's heirs at the earliest possible time. See R.C. 2131.04 ("Remainders * * * and other expectant estates are descendible, devisable and alienable in the same manner as estates in possession").

{¶ 12} Although we have never encountered the factual circumstances presented in this case, we addressed a similar issue in *Gilpin v. Williams* (1874), 25 Ohio St. 283. In that case, the testator's will created a real estate trust and a subsequent life estate for his daughter "and to her children after her death forever," but contained no residuary clause in case his daughter, then childless, remained so until her death. We were asked to determine whether fee-simple title had vested and in whom. "We do not believe [that the property] is in *abeyance*, or that it rests *in nubibus*. * * * The fee-simple title was in the testator until his death, and if it did not pass by his will to any devisee therein named, it either ceased to exist in any one, or it passed by way of descent to his heirs at law. In our opinion, it descended to the heirs," i.e., those living at the time of his death, subject to divestment if the daughter had children. (Emphasis sic.) Id. at 295–296.

{¶ 13} The same result applies to this case. Because Andrea's will did not dispose of the residue of her estate and did not express a specific intent for it, the residue was intestate property at the time of her death. Unless a testator manifests a contrary intent in a will, the preference for the immediate vesting of estates requires such interests to be assigned at the testator's death, not held in abeyance until a future uncertain date. While the residue held an uncertain value at Andrea's death because the amount depended on the amount of the trust estate that would be used for Andrew's care, that uncertainty does not prevent the interest in the residue from being assigned under the laws of descent and distribution.

{¶ 14} Under these laws, the right to the residue passed to Andrea's father Andrew upon her death, and he could dispose of it as he saw fit. R.C. 2105.06(F). Because Andrew left his entire estate to Radey in his will, the residue belongs solely to her.

## C. Resulting Trusts

{¶ 15} In coming to the opposite conclusion, the court of appeals relied upon the concept of a resulting trust. A resulting trust is defined as "one that the court of equity declares to exist where the legal estate in property is transferred or acquired by one under circumstances indicating that the beneficial interest is not intended to be enjoyed by the holder of the legal title." *Univ. Hosps. of Cleveland, Inc. v. Lynch,* 96 Ohio St.3d 118, 2002-Ohio-3748, 772 N.E.2d 105, ¶ 56. These equitable constructs can be created to transfer the surplus of a trust to the settlor's next of kin or residuary legatee after the purposes of the original trust are fulfilled. See Restatement of the Law 2d, Trusts (2001), Section 430.

{¶ 16} However, a party seeking recognition of a resulting trust bears the burden of justifying its existence with clear and convincing evidence. See *Univ. Hosps. of Cleveland, Inc.,* 96 Ohio St.3d 118, 2002-Ohio-3748, 772 N.E.2d 105, at ¶ 55. " ' "If the evidence is doubtful or capable of reasonable explanation upon a theory other than the existence of the trust, it is not sufficient to support a decree declaring and enforcing the trust." ' " Id., quoting 10 Bogert, Trusts and Trustees (2d Ed.Rev.1978) 44–49, Section 472, quoting *Catherwood v. Morris* (1931), 345 Ill. 617, 636, 178 N.E. 487.

{¶ 17} For a resulting trust to be created, Stevens would have to prove, through clear and convincing evidence, that Andrea did not intend for her father to receive the residue of her estate. Stevens argues that the will created a trust to provide for the care of Andrew solely during his life and thus infers that Andrea would not have wanted him to receive additional property through intestate succession. Radey counters that Andrea wanted her entire estate to be used for her father.

{¶ 18} However, Andrea's will provides no guidance regarding the residue of her estate, and Stevens cites no evidence to support her position. Stevens may or may not be correct in her interpretation of Andrea's intent, but such speculation is not sufficient to fulfill the clear-and-convincing-evidence standard necessary to create a resulting trust. Without evidence justifying the use of an equitable remedy, we apply the law favoring the immediate vesting of estates and the normal flow of intestate succession.

## IV

{¶ 19} For the above reasons, we reverse the judgment of the court of appeals and hold that the residue of Andrea's estate passed wholly to Andrew, her father, pursuant to intestate succession as measured at the time of her death. When Andrew died, the residuary passed to Radey pursuant to Andrew's will.

Judgment reversed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

Widder & Widder, John M. Widder, and Peggy Widder, for appellees.

Weston Hurd L.L.P., Angela G. Carlin, Gregory E. O'Brien, and Shawn W. Maestle; and John P. Koscianski, for appellant.