(75 Misc. Rep. 21.)

HAMILTON v. HAMILTON et al.

(Supreme Court, Special Term, New York County.    December, 1911.)

WILLS (§§ 184, 753, 807*)—INTERPRETATION—DEMONSTRATIVE OR SPECIFIC LEG-
ACY—ABATEMENT.

Testatrix, after certain pecuniary legacies, gave her two sisters her
wearing apparel and certain articles in her residence, and "any money
and securities to me belonging at my decease" in equal shares, and gave
the residue of her estate to the same sisters.    One of the sisters died
before testatrix.    Held, that the bequest of one-half of decedent's money
and securities to her surviving sister was a specific and not a demonstra-
tive legacy, and was not revoked by a codicil bequeathing additional
legacies, and giving to her surviving sister the residue of her estate for
life, and that the legacy of one-half of decedent's money and securities
was not subject to abatement with the general legacies.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 462–467, 1939,
1944, 2103; Dec. Dig. §§ 184, 753, 807.*]

Action by William Pierson Hamilton against Adelaide Hamilton
and others to construe a will.    Judgment for plaintiff.

E. R. Vollmer, for plaintiff.
P. R. Towne, for defendants.

GUY, J.    Action to construe a will.    Alice Hamilton, the decedent,
died in September, 1905.    By her will, after bequeathing certain pe-
cuniary legacies aggregating $10,000, she bequeathed—

"to my sisters Charlotte A. and Adelaide Hamilton    *    *    *    all my wearing
apparel, jewelry, furniture, books, busts, pictures, silver, and whatever be-
longs to me in my residence, No. 17 West Twentieth street, in the city of
New York, and also any moneys and securities to me belonging at my decease,
the same to be equally divided between them, saving and reserving there-
from, however, such specified articles as are designated memorial gifts in
a list signed with my signature and hereto annexed.    *    *    *

"Fifth. All the rest, residue and remainder of my estate, real and personal,
I give, devise and bequeath equally to my said sisters Charlotte A. and Ade-
laide Hamilton, share and share alike."

Charlotte A. Hamilton died in April, 1896, unmarried, and the be-
quests to her lapsed.    In May, 1896, the decedent executed a fourth
codicil, whereby, after bequeathing $3,000 in additional legacies to
legatees named in the original will and $4,000 in additional legacies,
she provided:

"As to all the rest, residue and remainder of my estate, real and personal,
I give, devise and bequeath the same to my sister Adelaide during her life,
with full power to sell or otherwise deal with the same as deemed best by
my executors.    After the decease of my said sister Adelaide the principal of
said remainder of my estate I direct shall be divided into eight equal shares
between my nephews and nieces," therein named.

By a later codicil the decedent divided her residuary estate into
seven shares, instead of eight.    This was because of a nephew's death.
Aside from the real estate specifically devised, the executors collected
$289,299.37.    Out of this they have paid pecuniary legatees $17,-
194.64; Adelaide Hamilton on account of bequests, $100,000; and,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after allowing for loss on sale of securities, and deducting expenses of administration, have now in hand for distribution the sum of $132,-680.61.

The principal question is whether Adelaide Hamilton is entitled absolutely to one-half of the decedent's "moneys and securities," or whether she is only entitled to one-half of the net residue after deducting the $17,194.64 of pecuniary legacies. The pecuniary legacies having all been paid in full, there is no question of any abatement or reduction of them. The bequest of one-half of the decedent's "moneys and securities" to a surviving sister is a specific legacy, rather than a demonstrative one. If there had been no money or securities, it would have abated. But it would not be subject to abatement with the general legacies. Crawford v. McCarthy, 159 N. Y. 514, 519–520, 54 N. E. 277; Matter of Matthews, 122 App. Div. 605, 607, 107 N. Y. Supp. 301. There is nothing in the residuary clause of the fourth codicil that revokes the bequest to the decedent's surviving sister of one-half of "any moneys and securities to me belonging at my decease." Matter of Reynolds, 124 N. Y. 388, 394–399, 26 N. E. 954; Fenton v. Fenton, 35 Misc. Rep. 479, 484, 485, 71 N. Y. Supp. 1083.

The attorney for the defendant, the surviving sister, conceded that interest, if any, upon her one-half share of decedent's money and securities did not begin to run in her favor until one year after the issue of letters. The income of the part of the residue in which the surviving sister takes a life estate accrued from the date of the decedent's death. The account of the executors is admitted to be in all respects correct, and will be judicially settled as filed. The plaintiff is entitled to judgment, construing the will in harmony with this opinion, with costs to the plaintiff and all answering defendants, to be paid out of the estate.

Judgment for plaintiff.