By the Court.
 

 This is an action for an accounting. The plaintiffs Grace Y. DuVall and Lucy Schultz and one of the defendants, Maude E. Faulkner, are three sisters, whose father died testate; they are his sole heirs, and nest of kin, and are the sole beneficiaries and legatees, share and share alike, named in his will. The daughter who is a defendant refused to join her two sisters in bringing the action against her husband, George C. Faulkner, who is the other defendant. Prior to and at the time of his death the father and the defendant, George C. Faulkner, were partners engaged in buying and selling real estate. No accounting had then been had between the partners. The defendant Faulkner was duly appointed by the probate court of Hancock county, Ohio, as adminis
 
 *544
 
 trator of the estate of the deceased father. This administrator did not proceed to settle the affairs of the partnership pursuant to the provisions of Section 8085
 
 et seq.,
 
 General Code. The defendant Faulkner, as such administrator, did proceed in the probate court with the administration of the estate of the deceased father and rendered his final account in that court. The probate court approved the final account so filed by the administrator, and entered an order discharging the administrator, and also discharging his bondsmen from further liability.
 

 Thereupon this action was commenced by plaintiffs. The foregoing facts are all set forth in the petition of plaintiffs. The- petition charges in addition to the foregoing that the defendant administrator appropriated to his own use certain partnership property which should have been reported by him to the probate court as belonging to the estate of their father.
 

 The petition further alleges that all of the debts of the deceased have been paid and that there no longer exists any necessity for any further administration upon the estate. Therefore the plaintiffs pray for an accounting to them direct by the defendant Faulkner as the surviving partner.
 

 The court of common pleas sustained a general demurrer to the petition, and, the plaintiffs not desiring to plead further, the action was dismissed at the plaintiffs’ costs. The Court of Appeals affirmed the judgment of the court of comm on pleas. It is said in the brief of counsel for plaintiffs in error that the courts below held that the plaintiffs in error had no right to maintain this action.
 

 
 *545
 
 Counsel for the defendant contends that the petition of the plaintiffs makes manifest the further fact that all of the questions sought to be adjudicated in this action were clearly within the jurisdiction of the probate court, and hence cannot be again considered in this action.
 

 It is not necessary to cite authorities, although many might be cited, to sustain the proposition that the title to choses in action and other personal property of a deceased person passes to his personal representative, his executor or administrator, pending the settlement of the estate-, and that this is true whether he dies testate or intestate. The personal property, in the absence of provisions in the will for paying the debts in some other manner, is first subject to the payment of the debts, and it is a part of the duty of the administrator, or executor, to pay the debts of the deceased. After the debts are paid, the balance of the personal property is either divided in kind, pursuant to the terms of the will, or is reduced to money and then divided, all in accord with the orders of the probate court. If the administrator dies, or is discharged, and personal property of the estate still remains undivided, the law fully provides for the appointment of an administrator
 
 de bonis nan
 
 who may then proceed to make a legal distribution of such remainder of the estate-. The distribution to the heirs, whether made in money or in kind, must be made by the personal representative of the deceased, pursuant to the orders of the probate court. Persons holding property belonging to the estate of the deceased, or owing money to the estate of the deceased, have no authority to deal
 
 *546
 
 with the heirs or legatees, except through the orders of the probate court; that court having full jurisdiction in the settlement of estates.
 

 The action of the court of common pleas in sustaining the demurrer and in dismissing the action was in all respects correct, and the judgments of the lower courts will be affirmed.
 

 Judgments affirmed.
 

 Jones, Matthias, Day and Kinkade, JJ., concur. Robinson, J., not participating.