## HUNTINGTON NATIONAL BANK Exr. v ROAN et

Ohio Appeals, 2nd Dist, Franklin Co

Nos. 1993 & 1997. Decided May 11, 1931

J. A. Connor, M. N. Machman, Columbus, for Ruth D. Roan.

T. J. Duffy, J. I. Boulgar, Columbus, for John M. & F. J. Roan.

HORNBECK, J.

We cited the case of Kearns v Kearns, 76 N. J. E. Eq. 453 in our former opinion which held that in so far as the bequest described "all other personal property of every description" it was general. Underhill on the Law of Wills,, §405 says:

"A legacy of all the personal property, or of all the money in my hands or due me, or of all my personal property not otherwise disposed of is a general legacy. The word "all" by its generality shows this; for, though it may apply to all the personal property owned by the testator at the date of the execution of the will, it is equally applicable to everything he subsequently acquires and owns at his death. The leaning of the court is to construe legacies as general and not as specific. The very essence of a specific legacy is absent in the above example as the testator does not give articles specifically which may be readily identified as owned by him at the execution of his will; nor does a specific legacy ever include articles subsequently acquired, as would the language under consideration. A legacy of all the personal property is no less general because the testator gives a specific legacy out of it, or expects certain specific things from it or because he enumerates special articles after or in connection with this general disposition of his property."

And Section 407:

"A specific legacy is a gift of a particular thing or of money specified and distinguished from all things, and which **at the execution of the will is owned by the testator** as of a horse, or a piece of plate, or of money in a purse, stocks of a corporation, and the like."

Testing this bequest by the rule (1) that if there is any doubt as to the character of a legacy it shall be construed to be general

and (2) that a specific legacy relates to articles owned by the testator at the execution of the will, it seems sound to hold that the bequest in Item 4 of the will under consideration is a general bequest.

However, if this bequest were specific, we now believe that the statute would apply and contribution could be enforced against the specific devisees.

Although we had not examined the case of Baker v Baker, 42 A. L. R., 1514 and the annotation thereto at page 1519, we had followed the line of reasoning set forth in the early part of the annotation in determining that the statutes, §10583 and §10584 GC had no application in this case. But an analysis of this annotation and the cases cited thereunder is convincing that we were in error.

We therefore, although reaching the result by different processes adhere to our former decision that contribution in this case cannot be required of the specific devisees.

The letter from counsel will be considered as an application for rehearing and it may be overruled and exceptions noted.

ALLREAD, PJ and KUNKLE, J, concur.