## HUNTINGTON, Exr & Admr v NEIL et

Ohio Appeals, 2nd Dist, Franklin Co
No. 2007.   Decided June 1, 1931

Arnold, Wright, Purpus & Harlor, Columbus, for Huntington, Executor.

Williams, Sinks & Williams, Columbus, for Lillian Darrow Beale.

C. P. Outhwaite, Columbus, for Wm. Neil et.

ALLREAD, J.

Two questions are raised upon which a construction is sought. First as to the parties taking under Section 3 of the will. Second as to the fund to be applied to the payment of debts. The first question relates principally to the right of Talfurd P. Lynn to inheritance from his wife, Elizabeth F. Bache, who died before the probation of the will leaving Talfurd P. Lynn, her husband and sole heir at law. Talfurd P. Lynn died after the bringing of the suit and his heirs were substituted in his place. This question is one of the principal ones litigated in the court below but is not pressed with the same vigor in this court. We think there is no doubt that when Elizabeth F. Bache died that her husband as her sole heir at law was entitled to succession under the third item of the will. It is true he was not of the blood of the Neil Estate but he became entitled to the gift as to Elizabeth F. Bache by the fact of marriage. Item 3 of the will makes the legal succession a part of the will. Upon the death of Talfurd P. Lynn his heirs would succeed to his interest both under the will and under the statute laws of this state. Item 3 of the will involves a trust concerning real estate located in this state and is therefore controlled by the laws of this state. We do not think the Florida statute applies as to the property involved in Item 3.

The next question involves the provision in the will for the payment of debts.

The contention of counsel for Lillian Darrow Beal of Boston, Massachusetts, whose devise is under Item 2 of the will is that the amount of debts and charges under Item 1 of the will if paid from the property devised by item 2, will practically take the entire devise. We think that consideration would not be controlling in the construction of the will.

Under the laws of this state the taxes which have been levied and assessed in the lifetime of the deceased becomes a charge upon his estate and should therefore be considered as one of the items of debt mentioned in the first clause. The federal taxes are charged as of the date of the death of the deceased and are dominated an inheritance tax. These taxes would also be included within the terms debts as used in Item 3. Under the law these taxes are charged upon all of the property regardless of the will. But the provision of the will may be considered on the question as to the rights of the respective devisees and legatees inter sese. The first item directs that all of the testator's just debts be paid out of her individual estate. We think some effect must be given to the use of the word "individual." There were three classes of estates considered under the will. The third class was an estate in which the deceased had only a life estate with a right to designate the succession. This estate is disposed of in the item subsequent to those above quoted and need not be considered. It is claimed that the word "individual" applies to the property of said decedent other than her share under the trust of the Neil Estate. This finds some support in the words of Item Second wherein she bequeaths her "individual estate and property, of every kind of which I may die seized (except what may come to me as my share, under a trust created in and by a certain deed from William Neil and Anna Neil, his wife, to Robert E. Neil and his heirs in trust" for the purposes therein named. It is true that in the preamble to the will, perhaps in other portions to the will, there is some reference made to the separate estate of the deceased. But we cannot escape the view that the word "individual" used in the first item was intended to change these debts, including the taxes, on all her individual estate except the trust in the Neil estate as provided in Item 2 and as devised in Item 3 of the will. The remaining question is as to the effect of the Florida statute. This statute is found in the compiled laws of the State of Florida of the year 1927 and provides in part as follows:

"Whenever any estate, real or personal, bequeathed, devised or apportioned to any person, shall be sold for the payment of the debts of the estate, all other legatees, devisees, or heirs shall contribute their average or proportionate part of such debt to the person from whom such estate, real or personal, shall be thus taken away; and in case of sales, under execution or lien, the lien shall be preserved in favor of the party from whom the estate is taken and sold as aforesaid, against the other parties, upon the property derived by them from the estate, to the extent of their proportionate part of the debt."

We think there are two valid objections to the claim made by Mrs. Beal as to the effect of this statute. In the first place it is only applied to cases for which the will, itself, does not provide. Second, the Neil House Trust involves a trust of real estate located within the State of Ohio and subject to the Ohio laws. We do not see how the Florida statute could affect this provision in the will under consideration. It is purely a question of the relative rights

of the different devisees and legatees under the will. We are clear that independent of this provision of the will that the devisees under Item 3 of the will are specific legatees and devisees and are entitled to a preference under the will over the residuary legatees and devisees under Item 2 of the will. The legatee and devisee under Item 2 of the will is a residuary devisee out of which the debts and charges against the estate must first be paid.

We had occasion to consider this question of the right to contribution between residuary devisees or specific legatees in the case of Huntington National Bank, trustee, versus Roan, decided April 2nd, 1931, where it was held that the residuary legatee is first liable.

We therefore hold that all the debts which includes the taxes must be paid, first out of the property devised from Item 2 of the will before the property devised by Item 3 is affected. This will be the order of the court. Decree accordingly.

HORNBECK and KUNKLE, JJ, concur.