**VARNER, Exr et v FRENCH et**

Ohio Appeals, 4th Dist, Athens Co

Decided April 2, 1932

L. A. Koons, Athens, and M. D. Hughes, Athens, for plaintiff in error.

Woolley & Rowland, Athens, for defendants in error.

BLOSSER, J.

The original petition was filed and is now attached to the petition in error and transcript of the docket and journal entries. It does not clearly appear from the wording of the file mark on the petition whether it was filed in the error proceeding in this court or not. However, the plaintiff filed it in the Court of Appeals and it was with the papers in the case. It was actually filed in the proper place. He can not be prejudiced in his rights because the clerk did not place the proper file mark on the paper. For this reason the motion to dismiss the petition in error is overruled.

It will be noted that the original action was brought by the executor in his official capacity asking for a construction of the will. Fred E. Varner as an individual or as one of the heirs, devisees or legatees under the will was not a party to the suit either as plaintiff or defendant. The petition in error is brought not only by Fred E. Varner as executor but as heir, devisee and legatee. It is urged that the proceeding in error is improper and should be dismissed because Fred E. Varner as an individual is seeking a reversal. This, however, will not prevent him in his official capacity as executor from prosecuting the error proceeding.

"Where one who was a stranger to the judgment below joins in a petition in error

with others who are proper plaintiffs in error, the proceeding must be dismissed as to the stranger. But it may be left standing as to the others."
*2 Ohio Jur. 575.*

As there is no bill of exceptions all that remains for the court to pass upon is a construction of the language of the will, a copy of which is set forth in the petition. The only item in dispute is that part of the will which provides for a legacy of six hundred dollars to be given Dorthy and from what source the legacy is to be paid. Without a bill of exceptions no other facts can be taken into consideration as to the intention of the testator, and such intention is to be gathered from a legal construction of the language of the will itself. After making certain specific devises and bequests the will provides:

"To my daughter Dorthy D. Varner I give $600 Six Hundred Dollars out of my estate when she reaches the age of twenty five years old. This money to be put in bank at bank interest," etc.

There is nothing in the record to indicate the nature or extent of the testator's property aside from the specific bequests and devises. Under the plain language of the will the executor is to first pay the debts and expenses of the estate. After this the specific devises and bequests are to be provided for.

"A specific legacy is a gift of a specific thing or some particular portion of the testator's estate which is so described by the testator's will as to distinguish it from other articles of the same general nature. A specific legacy differs from a general legacy in that it is not intended by the testator to be paid out of his estate generally, but is to be paid solely by delivering to the beneficiary the specific thing given by the will as distinguished from a designated value generally and the like."
Page on Wills, §1227.

"A general legacy or devise is one which may be satisfied out of testator's estate generally by delivering any part of his estate which corresponds with it in value or in general description to the provisions of the will, and which is not charged upon any specific property. The characteristic of a general legacy or devise is that it does not attempt to dispose of any specific article of property, or to charge the gift upon any specific article of property."
Page on Wills, §1226.

"The rule is that specific legacies are payable before general ones."
28 R. C. L. 351.

"In the event of a deficiency of assets a specific legacy will not abate for the benefit of a general legatee. But general legatees will abate in order to pay the specific legacies in full, even if this involves the complete obliteration of the general legacies."
28 R. C. L. 302.

Under the language of the will the gift of six hundred dollars to Dorthy is a general legacy and not a specific one.

The will contains a residuary clause as follows:

"The rest of my property to be divided equally between Fred E. Varner, Dorthy D. Varner and my wife Cora E. Varner."

In the absence of any evidence on the subject it can not be stated what property, if any, constituted the residue of the estate. If the will disposed of the entire estate by specific devises and bequests, as stated by counsel, then the estate is exhausted before the general legacy to Dorthy is reached and no provision is made for its payment except out of the estate which has already been exhausted by the specific gifts. If the will does not dispose of the entire estate by specific devises and bequests then the legacy of Dorthy is to be paid out of the residuum. This is to be done before there is anything paid out under the residuary clause.

The judgment of the Court of Common Pleas is reversed and the cause remanded to that court with direction that the court enter an order pursuant to this opinion.

MAUCK, PJ, and MIDDLETON, J, concur.