**HARPER, Plaintiff, v. OHIO SOCIETY FOR CRIPPLED CHILDREN INC., et, Defendant.**

Common Pleas Court, Madison County.

No. 20858.   Decided April 3, 1959.

Maurice E. Beathard, London, for plaintiff.
David G. Howell, Jackson, for the Ohio Society for Crippled Children, Inc., et al.
William Saxbe, Atty. Genl., Columbus.
Neva H. Wertz, Asst. Atty. Genl., Columbus.
Mark McElroy, successor to William Saxbe, Atty. Genl., Columbus, for defendants.

## OPINION

By BAYNES, J.

Plaintiff filed a petition for declaratory judgment asking the Court to determine if the plaintiff, until her death or remarriage, has the right to sell or encumber any and all real estate, under the terms of the Will of her deceased husband, if she deems it necessary for her support, care and maintenance, without a prior judicial determination as to her need.

Defendants are The Ohio Society for Crippled Children, a devisee and the major residuary legatee and an individual who is also a devisee. The Attorney-General of Ohio has been made a party by virtue of his common law duty and the Charitable Trust Act, §109.23 et seq, R. C.

Plaintiff moved for judgment on the pleadings. Briefs have been filed on behalf of plaintiff, The Crippled Children's Society, and the Attorney-General. The burden of plaintiff's brief is that she has the unqualified right to pick and choose what real estate she desires to sell without limitation. The Society for Crippled Children's position is that plaintiff has no right or power to sell its specific devise and no power to sell any of the real estate in the residuary without prior court authority.

The Attorney-General in a particularly lucid brief, supported by convincing authority, takes the position that plaintiff has no right or power to sell the specifically devised real estate and that in the residuary only in the event the income from all the real estate becomes insufficient for plaintiff's support, care and maintenance. Further, that she does not require prior Court authority to sell real estate in the residuary, but if she does, she does not become the absolute owner of the proceeds, but holds the same as a quasi-trustee.

The facts are that plaintiff's spouse died on September 18, 1953 His estate was administered in the Probate Court of this County. Plaintiff was designated executrix without bond. Item I provided for payment of debts. Item II bequeathed all personal property to plaintiff. Item III devised testator's home farm of 220 acres to plaintiff for life or so long as she did not remarry. Upon her death or remarriage, the remainder was devised to the Crippled Children's Society on condition that the farm be neither sold or leased by the Society, coupled with a contingent devise should the Society cease to exist. Item IV devised eight acres to plaintiff for life and the remainder to the defendant Cummins in fee simple.

The first paragraph of Item V states:

"Item V. All the rest, residue and remainder of my estate, I give, devise and bequeath to my said wife, Bess I. Harper, for and during her natural life or so long as she remains my widow, provided, however, that my said wife shall pay all taxes and assessments when due, keep the properties fully insured against loss by fire and wind and maintain the said properties in a good physical condition. Upon the death or remarriage of my said wife, I give all the said remainder of my estate and all the estate therein, excepting such property as my said executrix shall have sold under the provisions of this will, to the person who shall be appointed administrator de bonis non with Will annexed, of my estate, and I direct that my said administrator de bonis non with will annexed shall within a reasonable time (giving due consideration to depressed values which may exist at the time of my said wife's death) convert said property into cash. Hereby granting unto my said administrator, d.b.n., w.w.a. full power to sell said properties, and assets to such persons and upon such terms and conditions as he shall deem best, and to make and execute all proper deeds or other instruments of conveyance to the purchaser or purchasers, without application to any court for authority to so sell and convey. The receipt of my administrator d.b.n., w.w.a. or his successor in office, shall be a full and complete discharge and acquittance for all payments of money by any purchaser. and no purchaser or purchasers shall be liable to see to the application of the money so paid for the purposes of the trust."

The second paragraph of the residuary provides the net proceeds of the residue after plaintiff's death or remarriage are to pay legacies of $2,000 to the Oak Hill Cemetery Association; $1,000 to the Georgesville Cemetery; $1,000 to the First Methodist Episcopal Church of London; $1,000.00 to the First Presbyterian Church of London; and the balance to the Crippled Children's Society. An added proviso was that if the

residuary was insufficient to pay the first four legacies in full, payment was to be pro rata.

The third paragraph of the residuary gave the executrix power to mortgage or encumber "any of the assets of my estate," for any purpose necessary in the execution of the Will, particularly for debts, taxes, costs of administration et cetera.

The fourth paragraph states:

"And if my said wife shall find it necessary for her support, care and maintenance, the income from the property hereinbefore devised to her for her life being insufficient for such needs, then my said wife shall have the right and power to invade the principal of my estate by sale of such part thereof as may be required, or by borrowing such money for her support, care and maintenance as may be required, with full power to sell, convey or mortgage as she deems best, without application to any court and without liability of any purchaser or lender to see to the application of the purchase money so advanced, but said conveyances, notes and mortgages of my said wife shall be sufficient authority and discharge therefor." (Emphasis added.)

It may be elementary, but definitions may be helpful. A devise is a testamentary gift of real estate. A legacy is a testamentary gift of personalty. A life estate is an interest limited to the life of the party holding it; it is one of freehold and not of inheritance. A life estate is not converted into a fee by annexing power to sell to obtain funds for support: Johnson v. Johnson, 51 Oh St 446, 38 N. E. 61.

A residue or residuary estate is what remains of testator's estate after deducting debts and the bequests and devises; or what is not specifically devised and bequeathed.

A demonstrative legacy is one of a certain amount or quantity, the particular fund or personal property being pointed out from which it is to be paid or taken. Abatement of legacies means reduction or failure because of fund insufficiency. Residuary legacies abate before general; general before specific and demonstrative; and demonstrative and specific abate ratably.

There is injected in the briefs of plaintiff and the Society for Crippled Children certain stated facts not alleged in the pleadings which we disregard. It appears, or can be inferred, from the admitted allegations that the administration of the Estate has been completed. That the plaintiff, as surviving spouse, elected to take under the Will and not according to the statute. That it was not necessary to sell or encumber "any of the assets" of the estate in order to complete the administration, or in event it was necessary it did not affect the real estate in Items III, IV and V now held by plaintiff for her life or until her remarriage.

We do not think that a fair construction of the language of the Will raises any ambiguities with reference to what real estate the plaintiff has the right or power to sell or encumber for her support, care and maintenance. This is particularly true when the difference is noted between the choice of words used in the third and fourth paragraphs of Item V of the Will. During administration, the executrix could sell

or encumber "any of the assets of my estate." But after administration, plaintiff, the life tenant, has "the right and power to invade the **principal** of my estate."

In this and subsequent analysis of the Will, it is to be borne in mind that the intention of testator is to be ascertained and given effect; **41 O. Jur. 590, Sec. 467.** That the Will is to be construed as a consistent whole; **41 O. Jur. 600, Sec. 469.** See also Jarman's Rules on Will Construction, especially XII, XV, XVII, XVIII and XXII, Deibel on Probate Law, 5th ed., 126, Sec. 251.

Significance has been given by the Attorney General and on behalf of the Society for Crippled Children to the fact that in Item III the testator restricted the remainderman from selling or leasing the farm and provided that the farm shall be held in perpetuity for charitable purposes. It would seem that this restriction has especial significance when compared to the contingency provision as to the legacies in the second paragraph of the residuary clause, Item V (see p. 3, supra).

Moreover, testator's use of the word **"principal"** in the fourth paragraph of Item V can only be referrable to the property from which the demonstrative legacies were to be paid and cannot by any reasonable construction refer to the devises of real estate in Items III and IV. The only interest plaintiff has in Item III is a contingent life estate based upon whether she remarries before her death and an unqualified life estate in Item IV.

The declaration of the Court will be that plaintiff has no right or power to sell or encumber the real estate specifically devised in Items III and IV of the Will of John E. Harper, deceased, now or at any later time.

As has been noted, the Attorney General concedes that plaintiff has the power to sell real estate falling within the residuary clause, Item V of the Will, without court approval. Counsel for the Society for Crippled Children says not so. This for the reason that to permit her to do so would tend to enable her to deny the legatees in Item V of their expectancy and thus defeat testator's intention.

We cannot agree with the validity of the Society's position or the reason given therefor. In the first place, the power granted by testator by the words used in Paragraph 4 of Item V of the Will are plainly stated. But it does not follow that plaintiff has the absolute right to sell the assets. That, too, is plainly stated. As to the **right** to sell, there is a specific condition attached, namely, there must be a **"need."** How can it be said that the remaindermen of the residuary interest are without a remedy? The judicial system provides the forum for the adjudication of rights and wrongs.

All briefs of counsel refer to the case of **Johnson v. Johnson (1894), 51 Oh St 446, 38 N. E. 61,** to support their respective contentions. We have Sheppardized the case, and its citations are very numerous. No cited case that we have examined has deviated from its three fundamental propositions; see **Tax Commission v. Oswald, 109 Oh St 36, 141 N. E. 678; Haldeman v. Pace, 125 Oh St 53, 180 N. E. 547; Ohio National Bank v. Boone, 139 Oh St 361, 40 N. E. 2d 149, 22 O. O. 414.**

The instant case is stronger on the facts than the Johnson case

because plaintiff's testator restricted the power to sell only if a need greater than the income would provide arose, and, inferentially, which plaintiff's own assets are insufficient to meet. In the Johnson case, the life tenant, testator's surviving spouse, had an unqualified right to "sell, convey, exchange or dispose of the same as she may think proper."

In essence, the Johnson case held: First, the remainder was vested subject to be divested. Second, the devisee took only a life estate, and is a quasi-trustee for the remaindermen with no right to use the property except for her support or benefit of the estate. Third, any person acquiring property from the life tenant by gift, fraud or collusion holds the same as a trustee for the remaindermen with liability to account to them in equity.

The Second District Court of Appeals of a 1958 case, **In re Estate of Kyle, 106 Oh Ap 502, 7 O. O. 2d 229**, stated, although the Will did not require court approval of the sale of principal when life tenant had power to sell if needed for her comfort and support, that the validity of sales were subject to judicial inquiry, citing **Kern v. Kern, 100 Oh Ap 327, 136 N. E. 2d 675, 60 O. O. 285 (M. C. O.)**.

The Kern case held that the power of the life tenant to sell excludes loss or disposition through waste, gift and testamentary disposition. Also that what is necessary to sell is a factual matter to be established by proper evidence.

It was held in **Gould v. Porter, 103 Oh Ap 156, 144 N. E. 2d 555, 3 O. O. 2d 214**, that a conveyance at time when life tenant had ample funds for her support is null and void; see also **Windnagel v. Windnagel, 104 Oh Ap 22, 146 N. E. 2d 457, 4 O. O. 2d 69.**

All these Appeals cases cited the Johnson case, and it would serve no useful purpose to cite other cases relying on one or more of the principles of the Johnson case, although we have examined many of them.

It will be the further declaration of the court that plaintiff has the right to sell such of the real estate disposed of by Item V of the Will of John E. Harper deceased if she determines such sale or sales to be necessary for her support, care and maintenance as long as she remains unmarried without application to any court; provided, however, that the necessity determined is bona fide, that the sale price constitutes a willing buyer-willing seller transaction, i. e., for its fair market value and that it does not tend to increase the estate of plaintiff, the life tenant, to the detriment of the remaindermen. Further, that a right of recovery lies against either the life tenant or any grantee or both if any such sale or purported sale or attempt to sell constitutes waste, gift, fraud or collusion.

Plaintiff failed to name as parties the Cemetery Associations or the Church bodies so that any judgment rendered herein prejudicial to their interest cannot be binding on them. The doctrine of virtual representation does not apply; **30 O. Jur., Parties, 741, Sec. 28.**

Counsel for the Crippled Children's Society is directed to prepare an Entry in accordance with this opinion submitting same to the Attorney General's office and plaintiff's counsel and to the Court for approval, taxing costs to plaintiff and noting exceptions, if any.