**BOUGHTON, Estate of, In re.**

Probate Court, Huron County.

No. 19849. Decided August 10, 1959.

Joseph Dush, Willard, for the executors.
Derby & Derby, Norwalk, for the legatees under the will.

## OPINION

By DON J. YOUNG, Jr., Probate Judge.

The question presented in this estate is whether the executors may sell personal property, which was specifically bequeathed to various legatees in order to pay debts of the estate, before they have sold the real estate which passes under a residuary clause in the will.

The will in question, in the third item thereof, makes an elaborate listing of carefully described items of personal property which are bequeathed to various individuals. A codicil to the will adds certain other items of personal property to the list in item III.

The fourth item of the will gives all the residue and remainder of the estate to one Guy C. Boughton, who changed his name to George Barclay.

The sixth item names two executors, and authorizes them in standard general terms to settle claims and demands and to sell both real and personal property.

The executors contend that they must sell the personal property which has been specifically devised, before proceeding to sell the real property. They contend that the appointing clause, item six, gives them power to do this, and cite as authority **Ginder v. Ginder & Smith, 72 Abs 277.** Since this case is not in point upon the facts, and the quoted reasoning of the court is based upon the law applicable to intestate estates, it is not persuasive in the present case.

The legatees cite the cases of **Y. M. C. A. v. Davis et al, 106 Oh St 366,** and **Re Estate of Millott, 162 Oh St 113.** While it is contended by the executor that these cases are not in point upon the facts which is true, nevertheless the expressions of the Supreme Court in these two cases are more applicable to the facts of the present case than are the expressions of the lower court in Ginder case.

It is quite apparent from the four corners of the will and codicil that the testatrix was primarily concerned with the disposition of her personal effects. The executors are preposing to defeat her wishes utterly in order to protect the residuary legatee. As the Supreme Court says in the Y. M. C. A. v. Davis case,

"It would be a strange legal paradox, indeed, to hold residuary devises, legacies or bounties prior to those that are express and specific."

The dearth of cases upon the exact point is a clear indication that the law and logic of this situation are too clear to have given many persons in the past the idea that they could do what the executors here are seeking to do.

The contention that the formal grant of powers in the sixth item of the will gives the executors the power to defeat the clear intention of the testatrix, is without merit. These powers are intended to facilitate the administration of the estate, not to allow the executors to substitute their judgment for the expressed will of the testatrix.

This Court denies that the executors have the power to sell the personal property which has been specifically bequeathed until they have exhausted all the other assets of the estate.