McArther, Jr., Exr., et, Plaintiff, *v.* McArther, Jr., et, Defendants.

Probate Court, Cuyahoga County.

No. 605901. Decided August 1, 1961.

*Mr. Homer J. Steiner,* for plaintiff.

## I.

ANDREWS, CHIEF REFEREE. This case arises on a petition for a declaratory judgment with regard to "the payment of debts and apportionment thereof" under the will of Charles J. Krejci. Plaintiff is the executor of the estate. It is alleged that the entire assets of the estate were "specifically or demonstrably" devised or bequeathed in Items 2 through 5 of the will, and that the only exception is a general legacy in Item 6, having a value of $25.00. It is also alleged that no property passes under the residuary clause, Item 7. The debts of the estate are alleged to exceed $3,000.00, and plaintiff has converted the real estate into cash by virtue of a power of sale under Item 8 of the will.

Plaintiff asks for a finding as to what assets are subject to payment of debts; in what order said assets should be applied; and how said debts should be apportioned, if at all.

The inventory and appraisal shows the following:

| | |
|---|---:|
| Household goods and car | $ 75.00 |
| Bank deposits | 14,608.41 |
| (These are distributed among four banks and two savings and loan companies) | |
| Common stocks | 2,580.50 |
| (These are distributed among five companies) | |
| Real estate (one parcel) | 9,500.00 |
| Total | $26,763.91 |

There is no surviving spouse, and the next of kin are sisters, brothers, and a nephew.

## II.

The problem involved in this case concerns abatement, which means a reduction or extinguishment of a bequest or devise by reason of an insufficiency of funds. See 4 Page,

Wills, Section 1493 (4th ed. 1941); *Harper v. Ohio Society for Crippled Children*, 81 Ohio Law Abs., 91, 158 N. E. (2d), 747 (Com. Pl. 1959); *Ferris v. Jones*, 2 Ohio Opinions, 136, 1 Ohio Supp., 233 (Prob. Ct. 1935).

Without doubt, general bequests abate before specific bequests or specific devises, in the absence of a contrary intention of the testator as indicated in the will. Section 2107.54, Revised Code; *Glass v. Dunn*, 17 Ohio St., 413 (1867); *Y. M. C. A. v. Davis*, 106 Ohio St., 366, 140 N. E., 114 (1922), aff'd, 264 U. S., 47 (1924); *Varner v. French*, 12 Ohio Law Abs., 609 (App. 1932); *Harper v. Ohio Society for Crippled Children*, 81 Ohio Law Abs., 91, 158 N. E. (2d), 747 (Com. Pl. 1959); *Armstead v. Union Trust Co.*, 61 F. (2d), 677 (D. C. 1932); 4 Page, Wills, Section 1498, 1500 (3d ed. 1941); Mechem, Specific Legacies of Unspecific Things, 87 U. of Pa. L. Rev., 546, 550 (1939).

Assuming that after abating the general bequests, more funds are needed for the purpose of paying debts of the estate, we are faced with a serious problem. The only remaining sources of payment are specific legacies and specific devises. Should the specific legacies be completely abated first, or should the specific legacies and specific devises share ratably in the abatement?

At first blush it might appear that the specific legacies abate first. At common law the debts of a testator were payable only from his personal property unless in his will he had charged his debts upon his real property. 4 Page, Wills, Section 1508 (3d ed. 1941); *McCall v. Pixley*, 48 Ohio St., 379, 27 N. E., 887 (1891); and even though, at the present time, real property may be taken for the payment of a testator's debts, we are told again and again that this cannot be done until the personal property has been exhausted. *McCall v. Pixley*, 48 Ohio St., 379, 27 N. E., 887 (1891); *DuVall v. Faulkner*, 113 Ohio St., 543, 149 N. E., 868 (1925); *Foreman v. Medina County National Bank*, 119 Ohio St., 17, 162 N. E., 42 (1928); *Ginder v. Ginder*, 72 Ohio Law Abs., 277, 134 N. E. (2d), 603 (Prob. Ct. 1954); 22 Ohio Jurisprudence (2d), Executors and Administrators, Section 338; 4 Page, Wills, Section 1472 (3d ed. 1941).

Section 2127.02, Revised Code, gives the same impression, for it directs the executor or administrator to commence an

action to sell the decedent's real estate *as soon as he ascertains that the personal property in his hands is insufficient to pay the debts of the deceased.*

But an examination of the authorities announcing that rule does not give the answer to our exact problem, nor does the above statute deal with abatement. After all, when a testator makes specific bequests of personal property and specific devises of real property, why should we conclude that he intends to have the specific bequests extinguished before resort can be had to the specific devises?

In the related situation of specific bequests versus a residuary devise of real property, the real property abates before the specific bequests. *Young Men's Christian Association* v. *Davis,* 106 Ohio St., 366, 140 N. E., 114 (1922), aff'd, 264 U. S., 47 (1924); *In re Estate of Dickey,* 87 Ohio App., 255, 94 N. E. (2d), 223 (1949); *In re Estate of Boughton,* 81 Ohio Law Abs., 589 (Prob. Ct. 1959). As the court said in the *Y. M. C. A. case, supra.*

\* \* \* it is to be presumed that a legacy specific as to the person, thing, or amount, shall have priority over a mere general provision; especially, from its very nature, over all residuary devises and legacies.

As observed in 4 Page, Wills, Section 1508 (3d ed. 1941), the fact that the testator has made specific gifts of personalty has been held to show that he intended to set aside the common law order of taking property for debts, and to have realty and personalty abate pro rata.

If real estate not specifically devised may be subjected to the payment of debts before personal property specifically bequeathed, why should not specifically bequeathed personal property be on an equal footing with specifically devised real property insofar as abatement is concerned? And this appears to be the majority rule even without the aid of a statute. 42 A. L. R., 1519 (1926). See also 3 Woerner, American Law of Administration, Section 497 (3d ed. 1923). Under this rule, if there is a deficiency of assets for the payment of debts, specific legacies and specific devises contribute ratably.

The annotation referred to above gives the reason for the rule, which, to quote the annotator, "seems obvious." He continues:

Where a testator gives specific chattels or personal property, and also a specific devise of real estate, the courts will not, in the absence of other evidence, presume that he intended to favor one class over the other. He intended that the legatees should have the legacies, and equally that the devisees should have the devises. And if both are liable for the debts, the most logical rule is that they should contribute and abate ratably.

After all, the rule that personal property is the primary fund for the payment of debts applies only in the absence of a contrary intent as evidenced in the will. As pointed out in *Manlove* v. *Gaut*, 2 Tenn. Ch. App., 410, 452 (1902), the rule ought not to have any application where a testator makes a specific bequest of personalty, for such a bequest "evidences a clear and unmistakable purpose upon the part of the testator to exonerate the property covered by it from the payment of debts." The court goes on to say, at page 453, that "sound equity would dictate" that specific bequests and specific devises "should contribute pro rata to the payment of debts in the case of a deficiency of assets." In making specific bequests and specific devises, the testator "indicates a purpose * * * that both should be exonerated from debts." Continues the court:

"When that becomes impossible because of a deficiency of assets, it does not seem logical that we should resort to the dry rule of law above referred to (that personal property is liable for debts before realty), but, on the contrary, it does seem that we should sustain the testator's intention as far as possible. This can only be done by subjecting the specific legacies and specific devises pro rata. * * * On the other hand, if the personalty covered by the specific bequest is wholly subjected to debts, the testator's purpose with regard thereto is entirely superseded."

Many states have adopted legislation providing that devisees and legatees must contribute ratably. 4 Page, Wills, Section 1508 (3d ed. 1941). The Ohio statute on the subject, Section 2107.54, Revised Code, reads as follows:

"When real or personal property, devised or bequeathed, is taken from the devisee or legatee for the payment of a debt of the testator, the other devisees and legatees must contribute

their respective proportions of the loss to the person from whom such payment was taken so that the loss will fall equally on all the devisees and legatees according to the value of the property received by each of them.

"If, by making a specific devise or bequest, the testator has exempted a devisee or legatee from liability to contribute to the payment of debts, or if the will makes a different provision for the payment of debts than the one prescribed in this section, the estate must be applied in conformity with the will.

"A devisee or legatee shall not be prejudiced by the fact that the holder of a claim secured by lien on the property devised or bequeathed failed to present such claim to the executor or administrator for allowance within the time allowed by Sections 2117.06 and 2117.07, Revised Code, and the devisee or legatee shall be restored by right of contribution, exoneration, or subrogation, to the position he would have occupied if such claim had been presented and allowed for such sum as is justly owing thereon.

"This section does not affect the liability of the whole estate of the testator for the payment of his debts. This section applies only to the marshaling of the assets as between those who hold or claim under the will."

The statute appears to provide for ratable contribution between devisees and legatees, but purports to exempt specific devisees or legatees from contributing. Obviously, however, if there is still a deficiency of assets, specific devisees and/or legatees must suffer an abatement, for the last paragraph of the statute states that it does not affect the liability of the whole estate of the testator for the payment of his debts. Although not expressly stated in so many words, the underlying purpose of the statute, it seems to me, calls for ratable contribution between specific devisees and specific legatees, rather than the complete abatement of the specific legacies first. Since, by the first paragraph of the statute, general devisees and legatees contribute pro rata, there is every reason to believe that the legislature intended to treat specific devisees and specific legatees in the same manner with reference to each other.

This interpretation finds support in *Glass* v. *Dunn*, 17 Ohio St., 413 (1867). The statute then in effect was substantially

the same as the present statute. Plaintiffs, legatees, were attempting to get contribution from specific devisees. In holding that under the statute they were not entitled to contribution, because they were *general legatees*, the court, at page 423, said, by way of contrast:

As between *specific* legatees and devisees, where the property or money devised or bequeathed is taken to pay debts, and it can not be otherwise replaced, contribution may undoubtedly be enforced.

In speaking of what is now the second paragraph of Section 2107.54, Revised Code, the court said:

It is admitted that this is not to be understood as an exemption from liability to contribute to other specific devisees or legatees.

The court then stated that from the above it followed that the right of the plaintiffs to contribution depended upon whether or not they were mere general legatees, which the court then decided they were.

Although *Allen* v. *Tressenrider*, 72 Ohio St., 77, 73 N. E., 1015 (1905), dealt with contribution between specific *devisees* only, the court said that the statute comprehensively imposes the duty to contribute upon all the other devisees and legatees, thereby recognizing the doctrine of *Glass* v. *Dunn*.

*Huntington National Bank* v. *Roan,* 10 Ohio Law Abs., 500 (App. 1931), is directly in point, and holds that, under the statute, contribution must be enforced between specific devisees and specific legatees. The case is particularly strong as an authority because of the fact that, originally, the court held the other way; namely, that specific bequests abate before specific devises. *Huntington National Bank* v. *Roan*, 36 Ohio Law Abs., 291, 43 N. E. (2d), 769 (App. 1931). In the later opinion, the court said that its previous holding on this point was erroneous.

For the reasons outlined above, I hold that specific devisees and specific legatees must share equally in any loss resulting to one or more of them by reason of the insufficiency of funds for paying the testator's debts. According to Section 2107.54, Revised Code, the contributions must be such as to make the loss "fall equally on all the devisees and legatees according to

the value of the property received by each of them." Thus, for example, if there were one specific beneficiary who was to receive property worth $10,000.00, and one specific devisee who was to receive property worth $20,000.00, the latter's property would abate in an amount twice as great as the former's.

## III.

We turn now to a consideration of the classification of each gift or devise as general or specific. No demonstrative gifts are involved. We must also consider whether, in the language of Section 2107.54, Revised Code, the will "makes a different provision for the payment of debts than the one prescribed in this section." If not, the priorities pronounced by the section are to govern, which means that general bequests and devises will abate before specific bequests and devises.

Before considering the individual items of the will, a word of definition is in order, although it is my experience that sometimes definitions cannot be taken too literally; and in the case of legacies, courts have often called a gift specific in one situation and general in another. Page, Wills, Section 1392, p. 102 (3d ed. 1941). For example, when the problem relates to ademption, to call the bequest specific will harm the beneficiary if the article bequeathed has been disposed of, whereas, in an abatement case, the beneficiary will be helped if the bequest is called specific. It is not unnatural that in order to bring about a desired result, a court may find itself in an inconsistent position so far as strict definitions are concerned.

At page 112 of Volume 4 of his book on Wills, in Section 1394, Mr. Page gives the following definition:

* * * A specific legacy differs from a general legacy in that it is not intended by testator to be paid out of his estate generally, but is to be paid solely by delivering to the beneficiary the specific thing given by will, as distinguished from a designated value, quantity, and the like.

In *Manlove* v. *Gaut*, 2 Tenn. Ch. App., 410, 445 (1902), the court quotes as follows from 13 Cyc., 10:

A specific legacy is a bequest of a particular article or particular part of the testator's estate which is so described and distinguished from all other articles or parts of the same kind as to be capable of being identified.

Atkinson on Wills, 732 (2d ed. 1953), says:

A specific legacy is a gift of some specific article or particular fund which the will distinguishes from all the rest of the testator's estate.

In a scholarly article entitled "Specific Legacies of Unspecific Things," in 87 University of Pennsylvania Law Review, 546 (1939), Professor Philip Mechem suggests a redefinition of the specific legacy, but would retain in that category what he calls legacies "specific in substance" or "incurably specific"—those which either because of the nature of the thing given or the form of the gift must inevitably fail if the thing given is not available, but will, on the other hand, if they survive, naturally take priority over general legacies when abatement is necessary. This will include primarily gifts of unique tangibles and conditioned gifts of tangibles or intangibles, such as "the bonds I own at my death"; or "such money as I have at my death."

Turning to the will, we find that Item 2 bequeaths all stocks which testator may own at the time of his death; Item 3, all bearer bonds which he may own at his death; and Item 5, all cash on hand or in banks.

It is almost obvious that these are specific legacies, which can be satisfied only by delivering the specific things called for, i. e. stocks, bearer bonds, or cash on hand or in banks. It is equally obvious—and this is another reason for calling the legacies specific—that if the testator died without leaving any items of a particular category, such as, for instance, bearer bonds, the gift is adeemed. As a matter of fact, this is actually the situation in the present case, for the inventory and appraisal show no bonds.

To make a legacy specific, it is not necessary that only one article or some precisely designated articles of a given class be specified: it is sufficient to specify the whole class, which is, in effect, separated from the rest of the estate, for delivery to the named beneficiary.

To bequeath to my brother, Tom, all my cats is certainly as specific as to bequeath to him all my black cats. In each instance the articles are specified and set apart from the rest of the estate.

There is plenty of authority holding that a bequest of all of a testator's property of a certain kind located at a certain place is specific. See, for example, *Kelly v. Richardson*, 100 Ala., 584 (1892) (stock of merchandise, etc. belonging to a certain store); *Alexander v. House*, 133 Conn., 725, 54 A. (2d), 510 (1947) (all cattle on certain farm); *Ruh's Executors v. Ruh*, 270 Ky., 792, 110 S. W. (2d), 1097 (1937) (all stock, bonds, etc. in safe deposit box at certain bank); *Towle v. Swasey*, 106 Mass., 100 (1870) (whatever sum may be on deposit in a certain bank); *Getman v. McMahon*, 30 Hun. (N. Y.), 531 (1883) (all personal property on farm and in house); *In re Estate of Evans*, 165 Ohio St., 27, 133 N. E. (2d), 128 (1956) (all my cash in the box on the desk in the back room of my home); *McFadden v. Hefley*, 28 S. C., 317 (1887) (all the horses, mules, cows, hogs, wagons, etc. on a certain plantation); *Gaither v. United States Trust Co.*, 230 S. C., 568, 97 S. E. (2d), 24 (1957) (all stocks, bonds, etc. now in possession of bank under agency agreement); 3 Woerner, American Law of Administration, Section 444, p. 1518 (3d ed. 1923). Similar on principle is *Gilbreath v. Alban*, 10 Ohio, 64 (1840), holding the following legacy specific: "I give and bequeath to my wife Mary, all the amount of moneys and interest that may be recovered of and from Dr. Kinder for the purchase of the Penrose estate * * *"

Moreover, a bequest of all of a particular kind of bonds or stocks, or of all the testator's stock in a particular corporation, is specific. *Tomlinson v. Bury*, 145 Mass., 346, 14 N. E., 137 (1887) (all mill stock and bank stock); *In re Franklin Trust Co.*, 160 N. Y. Supp., 221 (Surr. Ct. 1916) (government bonds and bank stock); *Weller v. Weller*, 32 Ohio N. P. (N. S.), 329 (all stock of named company); see also Paulus, *Special and General Legacies of Securities—Whither Testator's Intent*, 43 Iowa L. Rev., 467, 479, 480 (1958).

It is but a step from those bequests to a bequest of all stocks or all bonds "which I may own at the time of my death," and a bequest of "all cash on hand or in bank." On principle we should take that step, and courts have done so. See, for example, as to stocks and bonds, *Hamilton v. Hamilton*, 134 N. Y. Supp., 645 (Sup. Ct. 1911); *In re Evans*, 172 N. Y. Supp., 876 (Surr. Ct. 1918); *In re Lawler's Will*, 81 N. Y. S. (2d), 526 (Surr.

Ct. 1948) (stocks, bonds, etc. of companies located in the United States of America); *In re Salo's Will*, 107 N. Y. S. (2d), 402 (Surr. Ct. 1951); see 2 Jarman, Wills, 1037, 1042 (8th ed. 1951), stating that a specific legacy is a gift of a particular part of the testator's personal property belonging to him at his death, and giving as an example the analogous situation of a bequest of ''all my stock in trade of wines and spirituous liquors which I shall be possessed of at the time of my death.''

A gift of cash on hand or in the bank is a specific legacy. 4 Page, Wills, Section 1396, p. 119 (3d ed. 1941); Mechem, Specific Legacies of Unspecific Things, 81 U. of Pa. L. Rev., 546, 550, 570 (1939); 3 Woerner, American Law of Administration, Section 444 (3d ed 1923); *Duncan* v. *Bigelow*, 96 N. H., 216, 72 A. (2d), 497 (1950); *Hamilton* v. *Hamilton*, 134 N. Y. Supp., 645 (Sup. Ct. 1911); *In re Baker's Estate*, 262 N. Y. Supp., 363 (Surr. Ct. 1933); *Manlove* v. *Gaut*, 2 Tenn. Ch. App., 410, 444-449 (1902), aff'd by Tenn. Sup. Ct. (1902).

Paragraph 2 of the syllabus of *In re Estate of Mellott*, 162 Ohio St., 113, 121 N. E. (2d), 7 (1954), gives the following definition of a specific legacy:

''A specific legacy is a bequest of some particular thing or portion of a testator's estate, which is so described by the will *as to distingush it from other articles of the same general nature* in the estate.'' (Emphasis mine.)

Taken literally, this definition might exclude the type of bequests under consideration, but, when taken in connection with its facts, the syllabus in the *Mellott case* does not conflict with my decision.

Nor does any conflict arise from paragraph 3 of the Mellott syllabus, reading as follows:

''Legacies of a doubtful nature usually are construed as general or demonstrative.''

In my opinion the bequests of stocks, bearer bonds, and cash on hand or in banks are not of a doubtful nature and are clearly specific.

I therefore hold that the bequests in Items 2, 3, and 5 of the will are specific.

There is no doubt whatsoever about Item 4, devising a specific parcel of real property, and I hold that this item, also, is specific.

Item 6 bequeaths "all my personal property other than cash, stocks and bonds to my sister, Margaret McArthur." This is a general, not a specific bequest. No specific property is named or identified, and the fact that certain specific property is excepted makes no difference. See 88 A. L. R., 553 (1934); *Kelly* v. *Richardson*, 100 Ala., 584 (1892); *Conway* v. *Shea*, 282 Mass., 25, 183 N. E., 717 (1933); *Huntington* v. *Neil*, 10 Ohio Law Abs., 294 (App. 1931); see 4 Page, Wills, Section 1393, p. 108, footnote 5 (3d ed. 1941).

### IV.

It is apparent from what has been said that, there being no residuary estate, Item 6, constituting a general legacy, will abate in full and thus be completely extinguished, unless, in the words of Section 2107.54, Revised Code, "the will makes a different provision for the payment of debts than the one prescribed in this section." There is not a word in the will which can be interpreted as making "a different provision." If I were to hold that the general legatee should share only pro rata in the loss, I would be going contrary to the explicit terms of the statute.

The personal property covered by Item 6 having abated in full, Section 2107.54, Revised Code, requires that the specific legatees and the specific devisees share pro rata in the loss, so that it will fall equally on all of them according to the value of the property received by each of them. There being no bearer bonds in the estate, this means that the legatees in Items 2 and 5 and the devisees in Item 4 must share in the loss remaining after the abatement of Item 6.

Inasmuch as the real property has been sold and the executor holds the proceeds, it is immaterial out of which fund or property he actually makes payment of the debts and other expenses of the estate. The point is that the actual loss must be borne in accordance with the Revised Code Section referred to.

### V.

#### *Conclusions of Law*

1. All of the property in Item 6 will abate.

2. The legatees and devisees in Items 2, 4, and 5 must share pro rata the further loss from payment of debts and other expenses of the estate, so that the loss will fall equally on all these

devisees and legatees according to the value of the property received by each of them.

3. All the assets are subject to the payment of debts, and they may be applied, at the discretion of the executor, in whatever order is in the best interests of the estate, subject, of course, to a final adjustment in accordance with my first and second conclusions of law.