Gibson, J.
There is no dispute over whether the succession to the Ohio asset, i. e., a business block called the “Packard *353 Block” in the city of Warren, Ohio, is subject to the Ohio succession tax nor is there any issue regarding the appraised valuation at $87,500 of the asset. The only question is whether debts, costs of administration and taxes, including the federal estate tax, are to be deducted from the appraised value of the Ohio asset in determining the amount of the succession tax.
Appellant, the ancillary administrator, contends that a portion of the debts, including the federal estate tax and costs of administration, must be deducted from the valuation of the Ohio realty asset in computing the Ohio nonresident succession tax. In other words, appellant says he should pay an Ohio succession tax based on approximately $59,000 rather than $87,500, thus allowing a deduction for a portion of the federal estate tax and the cost of administration. For this proposition, appellant relies heavily upon Section 5731.10, Revised Code, which provides in pertinent part:
“When assessing the tax upon a succession passing from a nonresident decedent, the court shall determine the value of the aggregate succession, which shall be the fair market value of all the property, real or personal, whether within or without the state, passing to the successor from the estate of the decedent, after making the deductions computed as though the decedent had been a resident of this state and all of his property were located in this state. It shall further determine the value of the Ohio succession, which shall be the fair market value of that part of the aggregate succession which passes to the successor in property subject to inheritance tax under sections 5731.01 to 5731.56, inclusive, of the Revised Code, after allowing the deductions. Out of the Ohio succession so determined the successor shall he allowed such proportion of the exemption to which he would be entitled under section 5731.09 of the Revised Code as is represented by the ratio of the value of his Ohio succession to the value of his aggregate succession. Tax shall then be assessed on the balance of the Ohio succession at the rates and in the method provided for by section 5731.12 of the Revised Code * # *.” (Emphasis supplied.)
We believe the appellant reads too much into Section 5731.10, which is special legislation addressed to the assessment of the tax on the succession from a nonresident decedent. It seems clear that the first two sentences of the section, as *354 quoted above, provide for the computation of a ratio between the value of the aggregate succession and the value of the Ohio succession. However, the third sentence of the section plainly states that the ratio is to be used in determining the proportion of the exemption to which the successor is entitled under Section 5731.09. There is no provision in Section 5731.10 calling for the apportionment of debts or the federal estate tax, which tax this court in Tax Commission, ex rel. Price, Atty. Genl., v. Lamprecht, Admr. (1923), 107 Ohio St., 535, assumed to be included in debts at least as far as a resident decedent’s estate was concerned. A careful search of the Revised Code fails to disclose any statutory provision requiring the apportionment of debts or the federal estate tax. In view of the express provision in this section for apportioning exemptions, it would seem that if the General Assembly had intended to grant apportionment of debts, federal estate taxes and other deductions, it would have said so.
In the absence of a clear legislative mandate that debts be apportioned, this court is faced with determining whether equity and public policy require a finding that the special statute by implication calls for apportionment of debts and federal estate taxes.
Appellant contends that the tenth article of the will requires that all death taxes be paid from the assets of the residuary estate, and, since the Ohio real estate is part of the residuary estate, there should be an apportionment of the tax between the Ohio succession and the non-Ohio succession. It is evident to us that this article has no bearing upon the question as to whether Ohio should apportion the federal estate tax between Ohio property and property outside Ohio in assessing a tax upon the succession from a nonresident decedent. Rather the article expresses an intention that residuary or general legatees should bear death taxes ahead of specific or special legatees. This intention of the testatrix might well be considered in subsequent litigation, if any, between the various classes of beneficiaries for contribution, but is immaterial to the issue now before this court.
At common law, real estate is not liable for the debts of a decedent. The General Assembly clearly has indicated an *355 intention that an executor or administrator is not to ask authority to sell the decedent’s real estate until after he has ascertained that there is insufficient personal property to pay all of decedent’s debts, widow’s allowance and costs of administration. Section 2127.02, Revised Code. See Foreman, Admx., v. Medina County National Bank (1928), 119 Ohio St., 17; DuVall v. Faulkner (1925), 113 Ohio St., 543; and Wood, Admr., v. Butler (1872), 23 Ohio St., 520. Appellant concedes the validity of this rule but argues that the will requires the executor to sell the real estate and pay the debts including death taxes, and, therefore, under the doctrine of equitable conversion, the Ohio real estate is to be treated as personalty.
There is no question that the fictional doctrine of equitable conversion, under which real estate will be regarded as personalty, or vice versa, is well recognized in Ohio. See 11 Ohio Jurisprudence (2d), 646, Conversion in Equity, Section 1 et seq., and cases cited therein. The doctrine is founded upon the maxim that equity regards and treats that as done which in good conscience ought to be done. But as Summers, J., pointed out in Geiger, Exr., v. Bitzer (1909), 80 Ohio St., 65, 74, equity does not regard and treat as done what might be done, or what could be done, but only what ought to be done.
Whether a direction to sell real estate is to be considered an equitable conversion of realty into personalty depends upon the peculiar language of the will under consideration. 11 Ohio Jurisprudence (2d), 651, Conversion in Equity, Section 7. The will of decedent does not clearly direct the executor to dispose of the “Packard Block” in Warren, Ohio. The first paragraph of the ninth article of decedent’s will directs the trustee and executor “to hold or dispose of” all the residue of the decedent’s estate, real and personal. The first numbered paragraph of the twelfth article provides that the trustee and executors “may” sell or “may lease, mortgage, or otherwise dispose of, any properties, real or personal, other than property specifically devised or bequeathed”. The second numbered paragraph of the same article directs the executor to “sell as promptly as is feasible after my death, in such manner as they deem most practical and advantageous”. Considering the will as a whole, the decedent must have intended that some *356 real estate possibly would become part of the trust estate. However, it is clear that failure to sell the Ohio property will in no way interfere with final settlement of the estate.
The realty in question is income producing and, as we have indicated in discussing the terms of the decedent’s will, the executor or trustee may retain it as an investment if he chooses to do so. Although no evidence was presented as to how the value of the “Packard Block” is being reported for New York inheritance tax purposes, it seems unlikely that the theory of equitable conversion is being advanced there, for to do so would increase the amount of personalty taxable in that state.
Additional practical considerations militate against requiring the deduction of a proportionate part of the federal estate tax from the value of the Ohio succession in determining the Ohio succession tax. It is conceded that for the past 23 years, at least, the Tax Commissioner has followed the method of determining the tax on the succession passing from a nonresident decedent employed in this case. Further, this method of computation is consistent with the allowance by the Tax Commissioner of all debts and expenses of out-of-state administration from personal property when a decedent domiciled in Ohio dies owning realty outside Ohio. Such long standing administration practices are not only persuasive, but should not be set aside unless judicial construction makes it imperative to do so. See In re Estate of Friedman (1950), 154 Ohio St., 1; 50 Ohio Jurisprudence (2d), 253, Statutes, Section 268.
Appellant calls attention to Section 2129.23, Revised Code, which, as he notes, requires the ancillary administrator to pay the expenses of the ancillary adminstration, including attorney fees, public charges and taxes, and all claims of creditors. The same section indicates that such expenses are to be paid from any residue of the personal estate and then the proceeds of real estate sold for the payment of debts. This section neither expressly nor by necessary implication calls for an apportionment of federal estate taxes between the Ohio succession and the aggregate succession.
The absence of a clear legislative intention to apportion debts, federal estate taxes and other deductions between the Ohio succession and the aggregate succession from a non *357 resident decedent, coupled with the reasons and practices discussed herein, compel the conclusion that such apportionment is not required. Accordingly, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, Matthias and O’Neill, JJ., concur.
Taet, C. J., and Herbert, J., dissent in part.
Guernsey, J., dissents from the judgment.
Guernsey, J., of the Third Appellate District, sitting by designation in the place and stead of Griffith, J.