## HOLLY v PHARES et

Ohio Appeals, 1st Dist, Butler Co

No 692. Decided June 5, 1936

P. B. Holly, Hamilton, and W. C. Shepherd. Hamilton, for appellee.

Williams, Sohngen, Fitton & Pierce, Hamilton, for appellant.

OPINION

By HAMILTON, J.

This appeal is from a judgment of the Court of Common Pleas of Butler County, construing the will of Fred H. Berk, deceased.

Three questions were raised.

First: Does the administrator with the will annexed have the power of sale of the assets of the estate, which power is granted to the executor named in the will?

Second: Is the bequest to Ella S. Berk, the wife of the decedent, in the amount of $25,000.00 entitled to priority over bequests under Items 3 and 4 of the will?

Third: Does the real estate vest in the legatees named in Items 2, 3 and 4; or is it to be sold by the representative for the purpose of paying debts and legacies provided for in the will, and the remainder, if any, to be so vested?

This inquiry involves Items, 2, 3, 4, 13, 14, and 16 of the will, which are as follows:

"Item 2. To my wife, Ella S. Berk, should she survive me, I give and bequeath the sum of Twenty-five Thousand ($25,-000.00) Dollars, which sum is to include her allowance for the first year's support, and I herewith charge my executor hereinafter named to pay her the amount of her support from time to time as she may need the same, the balance to be paid as hereinafter provided. This bequest also includes all her dower interest in my estate.

"Item 3. To Emma B. Stuckey, wife of A. D. Stuckey of Hamilton, Butler County, Ohio, I give and bequeath the sum of Ten Thousand ($10,000.00) Dollars in money.

"Item 4. To my niece Rosaline B. Phares, I give and bequeath the sum of Twenty Thousand ($20,000.00) Dollars.

"Item 13. All the remainder and residue of my estate, of every nature, description and kind, wherever the same may be situated or located, whether real, personal or mixed, present, contingent or future, after the payment of the above bequests, I give,

devise and bequeath to my said wife, Ella S. Berk, Emma B. Stuckey and Rosaline B. Phares, share and share alike, absolutely."

"Item 14. Should my estate remaining after the fulfillment of Items 1, 2, 3 and 4 hereof, be insufficient to pay the same in full, it is my will that all the bequests made in Items 5 to 12, inclusive, shall share pro rata in such remainder according to the various amounts named in each of such bequests and that none of said items shall have precedence over the shares in the distribution of my estate.

"Item 16. To my executor hereinafter named, I give five years from and after the date of my death to settle my estate and hereby authorize him, empower him with full authority to dispose of any and all of my estate at public or private sale and upon such terms and conditions as he may deem for the best interests of my estate. I also clothe him with full power and authority to execute and deliver to the purchaser good and sufficient title by deeds of general warranty in as full, sufficient and ample manner as I might do while living, and that from the funds so arising he may from time to time make partial pro rata distribution of the bequests herein made at his own discretion and the same shall stand binding on all parties interested or concerned in my estate, but in no instance can any legatee, except my said wife as above provided, demand payment of any part of the bequest to him or her made until at the end of expiration of said five (5) years."

The trial court correctly held that under favor of §10504-82, GC, the administrator with the will annexed has the same powers to sell as is given to the executor named in the will.

The court also correctly held that the administrator with the will annexed has the power to sell any and all property of the estate and after payment of debts and legacies, if there be a balance, to pay the balance to the residuary legatees, as provided in Item 13 of the will. Any property not so sold he may turn over to said residuary legatees as provided in said Item 13.

The court erred in construing Item 2 of the will, to give the wife Ella S. Berk a preference for the full amount of $25,-000.00 over the legacies to Emma B. Stuckey and Rosaline B. Phares, under Items 3 and 4 of the will. The clear reading of Item 2 is to the effect that the $25,000.00 is to include first year's support and dower

interest. True, the executor is directed to make her advance payments for support, but this was because of the .fact that under Item 16 no legatee could demand payment of any part of her legacy "except my said wife." Any payments made to her within the five years must  have been intended to be advances on the legacy to the wife and does not indicate a preference for the full amount of the $25,000.00 legacy. It is evident from the language in Item 14 that the testator had no thought that his estate would be insufficient to pay in full the legacies under Items 2, 3 and 4. His only thought was that it might not be sufficient to pay in full legacies under Items 5 to 12, inclusive. Had he known his estate might not pay the three legacies in full he might have provided otherwise.

He gave his wife $25,000.00 with the right to advances for support.

He gave Emma B. Stuckey $10,000.00, with no right to advances.

He gave Rosaline B. Phares $20,000.00, with no right to advances.

These three legacies are as a class given priority over all other legacies under Item 14 of the will. They are given equal priority and are entitled to share ratably in the distribution of the estate, if the estate is insufficient to pay them in full.

We find this to be the proper construction of the will, and the judgment will be modified to conform to this finding.

ROSS, PJ, and MATTHEWS, J, concur.