### In re ESTATE OF OBERSTAR.

[Cite as *In re Estate of Oberstar* (1998), 126 Ohio App.3d 30.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 97–L–117.

Decided April 14, 1998.

---

*David B. Henderson*, for appellant, Gloria O. Churney.

*Spiros E. Gonakis*, for appellee, estate of Frank E. Oberstar, deceased.

NADER, Judge.

On July 18, 1996, the will of Frank E. Oberstar was admitted to probate in the Lake County Probate Court. Oberstar's will contained five general bequests and a residuary bequest.[1] In Item One of the will, Oberstar bequeathed $5,000 to Hildegard Schroeder, his housekeeper. Item Two contained an $8,000 bequest to Oberstar's four nieces and nephews, to be shared equally. The total of these bequests was $13,000. Item Three, the residuary clause, bequeathed the remainder of Oberstar's estate, if any, to Larry G. Ward, unless he should predecease Oberstar. In that event, the nieces and nephews would take the residuary in equal shares.

After the assets were liquidated and debts were satisfied, Oberstar's net estate totaled $7,386.16, an insufficient amount to cover the bequests in Items One and

---

1. As used in this opinion, a general bequest is a pecuniary gift of a specified amount to be paid out of the general estate funds, as opposed to a specific bequest, which is a gift of a particular, identifiable item to be given to the beneficiary. *In re Will of Lowry* (Dec. 11, 1975), Miami App. No. 75CA 39, unreported, 1975 Ohio App. LEXIS 6365. A residuary bequest is a gift of the remainder of the estate after all debts, expenses, and bequests are satisfied. Black's Law Dictionary (6 Ed.Rev.1990) 160. Also, for purposes of this opinion, we use the term "bequest" to refer to real and personal property.

Two of the will. The commissioner of the estate, Spiros E. Gonakis, distributed the bequest of $5,000 to Schroeder and divided the remaining $2,386.16 equally between Oberstar's nieces and nephews, giving them $596.54 each.

One of Oberstar's nieces, Gloria Oberstar Churney, sent a letter to the court noting her objections to Gonakis's distribution. A hearing was held before a magistrate. His decision recommended that Churney's objections be overruled. Churney filed objections to the magistrate's decision. A hearing was held before the probate judge, who adopted the magistrate's recommendation and approved Gonakis's report of distribution. Churney filed a timely appeal and now raises the following as error:

"The trial court erred when it denied appellant's objection to the magistrate's report, adopted the magistrate's report as the trial court's findings of fact and conclusion of law, denied appellant's exceptions to the commissioner's report of distribution, and approved the commissioner's report."

This case presents us with a query regarding abatement of bequests. Abatement occurs when the decedent's estate is insufficient to satisfy all debts and testamentary bequests, and refers to the resultant reduction or diminution of a beneficiary's bequest under the will. *Gionfriddo v. Palatrone* (P.C.1964), 93 Ohio Law Abs. 257, 26 O.O.2d 158, 196 N.E.2d 162.

To resolve the issue presented in this case, the parties direct our attention to R.C. 2107.54(A), dealing with the beneficiaries' right of contribution in abatement situations. R.C. 2107.54(A) states:

"When real or personal property, devised or bequeathed, is taken from the devisee or legatee for the payment of a debt of the testator, the other devisees and legatees shall contribute their respective proportions of the loss to the person from whom such payment was taken so that the loss will fall equally on all the devisees and legatees according to the value of the property received by each of them.

"If, by making a specific devise or bequest, the testator has exempted a devisee or legatee from liability to contribute to the payment of debts, or if the will makes a different provision for the payment of debts than the one prescribed in this section, the estate shall be applied in conformity with the will."

In the proceedings below, the probate court concluded that this statute is inapplicable to this case because it applies only to specific, as opposed to general, bequests, and Oberstar's will contains only general bequests. Appellee urges us to adopt this conclusion, whereas appellant contends that the probate court erred in concluding that this provision is inapplicable. We agree with the probate

court's determination that this statutory provision applies only to specific bequests.

Primarily, the language of R.C. 2107.54(A) itself belies appellant's position. As quoted above, "When real or personal property * * * is taken * * * for the payment of a debt of the testator, the other devisees and legatees shall contribute their respective proportions of the loss." This language implies that the property to be taken to satisfy an estate debt is a particular, identifiable item—a specific bequest. If that item is consumed, the other specific beneficiaries must contribute pro rata to the beneficiary whose bequest was abated so that beneficiary bears only his or her proportion of the loss.

Also, the first paragraph of what is now R.C. 2107.54(A), enacted in almost identical form as early as 1852, was promulgated to eliminate the disparate treatment of devises (bequests of real property) and legacies (bequests of personal property) within the class of specific bequests. At common law, bequests of real property were given priority in abatement situations over bequests of personal property. See *McCall v. Pixley* (1891), 48 Ohio St. 379, 27 N.E. 887; *McArther v. McArther* (P.C.1961), 93 Ohio Law Abs. 367, 29 O.O.2d 137. The statute abrogates that distinction. See *Gionfriddo, supra.* Moreover, the second paragraph provides that a testator may exempt certain specific bequests of property from the payment of estate debts or provide for an alternate form of abatement than the pro rata abatement in paragraph one. We cannot find any provision in this section that would apply to a general bequest.

In accordance with this analysis, we conclude that R.C. 2107.54(A) applies only to specific bequests and not to general, pecuniary ones. See *Glass v. Dunn* (1867), 17 Ohio St. 413, 424. Because this case involves only general bequests, R.C. 2107.54(A) is inapposite.

■ The real issue in this case, as defined by the trial court, is whether the testator, Oberstar, by placing Schroeder's bequest in Item One, sufficiently expressed an intent to place her general bequest in a position of superiority over the other general bequests for purposes of abatement. The statute provides no answer to this question, so we must turn to common law for a resolution.

■ Common law provides that, when the estate is insufficient to satisfy estate debts and bequests, the following rules apply in the absence of a clear expression of the testator's intent otherwise: the residuary beneficiary abates before the general; the general beneficiary abates before the specific and demonstrative; finally, the specific and demonstrative beneficiaries abate last.[2]

---

2. A demonstrative bequest is a pecuniary gift to be paid out of a specified fund. Black's Law Dictionary (6 Ed.Rev.1990) 891.

*McNicol v. McNicol* (Mar. 3, 1988), Columbiana App. No. 87–C–46, unreported, 1988 WL 34611. See, also, *Glass, supra.* Within these categories of bequests, each beneficiary bears a pro rata burden of the debt, see *Gionfriddo, supra* (holding specific bequests abate ratably), and *Crabbe v. Lingo* (1945), 76 Ohio App. 530, 32 O.O. 268, 61 N.E.2d 742, unless the testator *clearly* expresses an intent to prefer one bequest over another, *Edwards v. Brethren Church* (1967), 13 Ohio App.2d 179, 183, 42 O.O.2d 301, 303, 234 N.E.2d 615, 618 (holding that "a testator's intention to depart from the usual order of abatement must clearly appear from the will"), and 32 Ohio Jurisprudence 3d (1997) 305, Decedent's Estates, Section 845.

In accordance with the foregoing common-law precepts, the residuary bequest to Ward in Oberstar's will abates first to satisfy the debts of the estate. The remaining bequests are the general, pecuniary bequests delineated in Items One and Two. All of the general beneficiaries share the burden of the estate's debt ratably. Thus, Schroeder's share of the net estate ($7,386.16) would be 5/13 ($2,840.84), and each of the nieces and nephews would receive a 2/13 share ($1,136.33).

However, the probate court concluded that Oberstar expressed his wish that the bequest to Schroeder be given priority over those to the nieces and nephews by declaring Schroeder's bequest as Item One and theirs as Item Two. Although not specifically addressed by any court in this state, it has been held in other jurisdictions that the mere placement of a bequest in the first clause does not sufficiently show the testator's intent to give any priority with reference to abatement over a bequest in a following clause. See 6 Page, Law of Wills (1962) 206, Section 53.3, and *Gionfriddo, supra.* A careful review of Oberstar's will reveals no intent to depart from the customary order of abatement discussed previously.[3] We cannot conclude by the mere placement of Schroeder's bequest in Item One that Oberstar intended to protect her gift from abatement at the expense of the gifts to his nieces and nephews. Had Oberstar wished to alter the abatement schedule, he could have done so by clearly expressing that intent in his will. *Edwards, supra.* Because he did not *clearly* alter the abatement order in his will, the burden of the estate's debts falls on each general beneficiary pro rata (*i.e.,* in the proportion each's gift is to the total gift provided in the will).[4] Thus,

---

**3.** In interpreting wills, the court's goal is to find the intent of the testator, who is presumed to be aware of the law as it relates to the testator's estate at the time the will is executed. See *Cent. Trust Co. of N. Ohio v. Smith* (1990), 50 Ohio St.3d 133, 136, 553 N.E.2d 265, 269–270.

**4.** Parenthetically, we also reject appellant's argument that bequests to close family members are given priority. This is an incomplete statement. The rule, in actuality, is that bequests *for the maintenance and support* of a close family member are entitled to preference. *Holly v. Phares* (1936), 22 Ohio Law Abs. 162, 7 O.O. 236, 32 N.E.2d 64; 32 Ohio Jurisprudence 3d (1997) 305, Decedent's Estates, Section 845. We are not presented with such a situation here.

the probate court erred in adopting the magistrate's recommendation that Gonakis's distribution be approved.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY, P.J., and WILLIAM M. O'NEILL, J., concur.