OPINION
{¶ 1} Appellants, Helen Plaskett, Timothy G. Plaskett, John M. Plaskett, and Gerald J. Plaskett, appeal from a Mahoning County Common Pleas Court, Probate Division decision holding that appellants, as specific devisees of Russell C. Morgan's will, are required to pay a pro-rata share of the remaining expenses of the estate along with specific legatee appellee, Carol Morgan, and specific legatee Russell C. Morgan, Jr.
 {¶ 2} On September 2, 1999, an application to probate Russell C. Morgan's will was filed in the probate court. On August 24, 2000, the executor filed a request for instructions on how to pay the debts and expenses of administration. The request for instructions stated that although the will designated the residue to pay all debts and expenses of administration, the residue was insufficient to pay all of the debts and expenses. Appellants filed a response to the request for instructions asserting that the personal property in the estate should be used to pay the debts and expenses of administration. Appellee also filed a response to the request for instructions contending all of the specific devisees and legatees should share in the payment of the debts and expenses on a pro-rata basis.
 {¶ 3} The magistrate entered a decision on the request for instructions concluding that when specific bequests are made of real and personal property, there are no general bequests or devises, and the residuary is insufficient to pay the debts of the estate, after the exhaustion of the residuary, those who have specific bequests or devises shall pay the remaining expenses of the estate on a pro-rata basis. Under this decision, each specific devisee or legatee would be responsible for paying a portion of the estate's expenses according to the value of the property he or she received. Appellants filed objections to the magistrate's decision. On May 9, 2002, the probate court overruled the objections and adopted the magistrate's decision. The court found that Items IV and V of the will contained specific bequests, subject to contribution on a pro-rata basis, and that the will contained no general bequests.
 {¶ 4} Appellants filed their timely notice of appeal on June 7, 2002.
 {¶ 5} Appellants raise two assignments of error, the first of which states:
 {¶ 6} "The probate court erred in determining that item V of the last will and testament of Russell C. Morgan contains specific bequests."
 {¶ 7} Item IV of the will provides:
 {¶ 8} "With respect to my interest in real estate of residence specifically 5468 Radio Road, Austintown, Ohio, I leave in life estate to my friend, HELEN PLASKETT with the remainder to TIMOTHY G. PLASKETT, JOHN M. PLASKETT and GERALD J. PLASKETT."
 {¶ 9} Item V of the will provides:
 {¶ 10} "With respect to any proceeds due and owing to me at the time of my decease from my sale of my interests in Liberty Pattern and Mold, Inc. and property associated therewith, I give to my son, RUSSELL C. MORGAN, JR., and my daughter CAROL E. MORGAN."
 {¶ 11} Appellants claim that the devise in Item IV is a specific devise while the bequest in Item V is a general bequest. If this were the case, then the Item V bequest would abate before the Item IV devise. Appellants assert that the testator intended them to have a specific thing, the real estate located at 5468 Radio Road. On the other hand, they assert that the testator intended appellee and her brother to have a general gift of personalty. Appellants further argue that we must ascertain the testator's intent and that it is evident from the words of the will that the testator intended Helen Plaskett to have the use and enjoyment of the Radio Road property during her lifetime. They contend this intent relieves the holder of the life estate from the payment of debts and expenses.
 {¶ 12} Appellate courts generally review an appeal of a will construction de novo. In re Estate of Peters (June 15, 1994), 4th Dist. Nos. 92CA1553, 92CA1560.
 {¶ 13} Appellants are correct that we must determine the testator's intent from the words of the will. Polen v. Baker (2001),92 Ohio St.3d 563, 565, citing Townsend's Ex'rs v. Townsend (1874),25 Ohio St. 477, paragraphs one and two of the syllabus. However, we must also keep in mind that absent exoneration of any specific assets by the testator in his will, the general rules of abatement apply and the testator is presumed to be aware of such rules. Pape v. Hensler (June 12, 1981), 4th Dist. No. 80 X 15.
 {¶ 14} Thus, we must determine whether the Item V bequest is general or specific. Various courts have explained the difference between general and specific legacies. In Shaw v. Shaw (1928), 32 Ohio App. 168,171, the court explained a specific legacy is "a gift of specific property distinguishable from the balance of the estate," while a general legacy is "a gift not subject to identification, but to come out of the general assets of the estate." In Boerstler v. Andrews (1986),30 Ohio App.3d 63, 65-66, citing 32 Ohio Jurisprudence 3d (1981) 268-269, Decedents' Estates, Section 772, the court stated:
 {¶ 15} "A specific legacy is a gift of a specific thing or some particular portion of the testator's estate, which is described by the testator's will in such a way as to distinguish it from other articles of the same general nature. The distinction between specific and general legacies is that the former singles out the particular thing which the testator intends the donee to have, without regard to value, while general legacies may be satisfied out of the general assets of the estate (the residue), with the chief element being quantity or value."
 {¶ 16} In In re Mellott's Estate (1954), 162 Ohio St. 113, 115, the Ohio Supreme Court explained the difference between specific and general legacies as follows:
 {¶ 17} "A specific legacy is one which, according to the testator's intent, is limited to the subject matter given. It has been defined as a bequest of some particular thing or portion of the testator's estate, which is so described by the will as to distinguish it from other articles of the same general nature in the estate, as a gift of a particular thing or of money specified and distinguished from all things. A specific legacy differs from a general one in that it is not intended by the testator to be paid out of his estate generally but is to be paid solely by delivering to the beneficiary the specific thing given by the will, as distinguished from a designated value. If the object of the legacy ceases to exist, the legacy is adeemed or extinguished."
 {¶ 18} The probate court found that Item V contained a specific bequest because it specifically bequeathed the proceeds from the sale of a specific identifiable business, which is separately identifiable from all other bequests of the testator.
 {¶ 19} We should note the probate court stated in a footnote that stipulations filed by the parties indicated that appellants stipulated that Items III, IV, and V were specific bequests. However, the court stated these stipulations were not determinative of the issue. The stipulations the court referred to were filed by the parties on October 17, 2000. The second stipulation provides that the will "makes the following specific bequests/devises" of the property. It then lists verbatim Items III, IV, V, and VI. In entering the stipulations, the parties did not choose their words wisely. They could not have intended the word "specific" to mean that each of these items contained a specific bequest as the word is used as between specific or general bequests, but instead intended it to mean that this was specifically what the will provided. This is apparent because included in the list of Items from the will is Item VI, which is the residuary bequest. Neither party could have intended to imply that the residuary was a "specific" bequest. Therefore, we will not consider the stipulations as determinative either.
 {¶ 20} The probate court was correct in its determination that the Item V bequest is specific. It is clear from the will that the bequest in Item V is not to be paid out of the estate generally. Item V provides that any proceeds from the sale of Liberty Pattern and Mold, Inc. and any property associated therewith is bequeathed to appellee and her brother. It does not provide for a specific value or amount of money to be paid to the legatees, as would a general bequest. If, for example, the sale of the business yielded no proceeds nor had any property associated with it, then the legatees would not receive anything under Item V. This distinguishes the bequest from a general bequest under which the gift would be taken from the estate generally. Furthermore, the testator set forth no designated quantity of or value on the proceeds and property associated with Liberty Pattern and Mold, which also is consistent with a specific legacy. See McNicol v. McNicol (Mar. 3, 1988), 7th Dist. No. 87-C-46.
 {¶ 21} Hence, the Item V bequest is specific in nature. Accordingly, appellants' first assignment of error is without merit.
 {¶ 22} Appellants' second assignment of error states:
 {¶ 23} "The probate court erred in ordering that the bequests under items IV and V of decedent's will be subject to contribution on a Prorata basis."
 {¶ 24} Appellants argue the court erred in ordering a pro-rata payment of the debts and expenses. Their argument relies on this court finding merit with their first assignment of error. They contend that since their devise was specific and appellee's bequest was general, the debts and expenses not covered by the residuary are chargeable first to appellee as a general legatee.
 {¶ 25} This court set forth the general order of abatement inMcNicol, 7th Dist. No. 87-C-46. Residuary legacies abate before general legacies, and general before specific or demonstrative, which abate ratably. Id., citing 32 Ohio Jurisprudence 3d 402, Decedents' Estates, Sec. 936. If the fund from which a demonstrative legacy is made payable does not exist at the testator's death, the demonstrative legacy abates pro-rata with general legacies. Id. Under these rules, a specific legacy will not abate for the benefit of a general legacy. Id. Furthermore, general legacies will abate in order to pay the specific legacies in full, even if this involves the complete obliteration of the general legacies. Id.
 {¶ 26} Since the probate court concluded that the will contained only specific bequests and the residuary bequest, with no general bequests, it applied R.C. 2107.54(A) and concluded the specific devisees and legatees must contribute on a pro-rata basis to the remaining expenses of the estate.
 {¶ 27} R.C. 2107.54(A) has been held only to apply to specific bequests. In re Estate of Oberstar (1998), 126 Ohio App.3d 30, 34. It provides:
 {¶ 28} "(A) When real or personal property, devised or bequeathed, is taken from the devisee or legatee for the payment of a debt of the testator, the other devisees and legatees shall contribute theirrespective proportions of the loss to the person from whom such payment was taken so that the loss will fall equally on all the devisees and legatees according to the value of the property received by each of them.
 {¶ 29} "If, by making a specific devise or bequest, the testator has exempted a devisee or legatee from liability to contribute to the payment of debts, of (sic) if the will makes a different provision for the payment of debts than the one prescribed in this section, the estate shall be applied in conformity with the will." (Emphasis added.) R.C. 2107.54(A).
 {¶ 30} Thus, according to these rules, if the Item V bequest is specific, then it will abate on a pro-rata basis with the Item IV devise. If the Item V bequest is general, then it will abate first in order to pay the Item IV devise in full. Since, as stated in appellants' first assignment of error, the Item V bequest is specific, the trial court did not err in ordering a pro-rata payment of the debts and expenses. Thus, appellants' second assignment of error is without merit.
 {¶ 31} For the reasons stated above, the probate court's decision is hereby affirmed.
Vukovich and DeGenaro, JJ., concur.